TOMLINSON v. TOWN OF SOUTHAMPTON et al.

(Supreme Court, Appellate Division, Second Department.   March 3, 1911.)

1. APPEAL AND ERROR (§ 524*)—QUESTIONS REVIEWABLE—RECORD.

Where the deed, executed subsequently to the dedication by the grantor of land for a highway, was not in the record, though introduced in evidence, the court on appeal, in a suit by the grantee to enjoin the use of the highway, could not determine that the deed was not subject to the highway rights.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 524.*]

2. DEDICATION (§ 57*)—HIGHWAYS—ORDERS.

Highway Law (Consol. Laws, c. 25) § 191, authorizing an order laying out a highway over land dedicated therefor, is not mandatory, and the failure to comply therewith does not make the town and its officers, using the highway, trespassers.

[Ed. Note.—For other cases, see Dedication, Dec. Dig. § 57.*]

Appeal from Trial Term, Suffolk County.

Action by William T. Tomlinson against the Town of Southampton and others.   From a judgment of dismissal on the merits after trial before the court without a jury, plaintiff appeals.   Affirmed.

Argued before JENKS, P. J. and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

A. Joseph Geist, for appellant.

Timothy M. Griffing (Robert P. Griffing, on the brief), for respondents.

HIRSCHBERG, J.   This action is brought against the town of Southampton, and the supervisor and the highway commissioners of the town, to enjoin the use of a road bordering the plaintiff's land on the east at North Sea, in the said town, based on the claim that the plaintiff is the owner of the strip of land occupied by the roadway, and that the same is not a public highway.

The claim on behalf of the defendants, which they appear to have established on the trial, is that the strip of land in question was dedicated as a public highway by the plaintiff's grantor, that it was accepted by the town authorities, and that the road was constructed, maintained, and in use at the time of the plaintiff's purchase.   There was direct evidence of such dedication in the testimony of a commissioner of highways of the town, to the effect that he had negotiated for that purpose with the plaintiff's grantor, and that oral consent was given to the building of the road on condition that the town should erect a fence on the border of the property in question the entire distance of the road, about 1,700 feet.   The fact that the town built the road, constructed the fence, and has ever since paid all the expenses for the working and maintenance of the road is undisputed. When the plaintiff purchased the property, the highway was on the property, as he testified, open and in use.   We cannot say that the deed which he obtained of the property was not given subject to the

highway rights; for, although it was offered in evidence and marked "Plaintiff's Exhibit I," it does not appear in the record.

The appellant makes a point that no order laying out the highway was filed and recorded in the town clerk's office, as provided by section 191 of the highway law (chapter 30, Laws 1909 [Consol. Laws, c. 25]), relating to lands dedicated to a town for highway purposes. The provision in question, however, is not mandatory, and in any event failure to comply therewith could not operate to make the defendants trespassers.

The judgment should be affirmed. All concur.