■ WILLIAM N. CAPICOTTO, Appellant, v DIANE CAPICOTTO, Respondent. [616 NYS2d 300] —Order unanimously affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court (Glownia, J.). We add only that the record is not sufficient to enable us to review plaintiff's contention that a tape-recorded telephone conversation between the parties was admitted at trial in violation of a stipulation between the parties (see, National Fire Ins. Co. v Shearman, 223 App Div 127, 129; Tomlinson v Town of Southampton, 143 App Div 487). Further, because the tape was merely cumulative to defendant's testimony regarding the threats made by plaintiff during the taped conversation, any error the court may have made in admitting the tape is harmless. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Invalidate Separation Agreement.) Present—Green, J. P., Balio, Lawton, Wesley and Boehm, JJ.

■ In the Matter of NORMAN DEEP, Appellant, v JOHN KARIN et al., Constituting the Town Board of the Town of Kirkland, Respondents. [616 NYS2d 301] —Judgment unanimously affirmed without costs. Memorandum: Respondents' determination that the public interest would not be served by the extension of the Town of Kirkland Consolidated Sewer District (see, Town Law § 194 [1] [d]) is supported by substantial evidence and is not arbitrary and capricious. Further, as Supreme Court found, petitioner failed to give an undertaking at the time he applied for review of respondents' determination (see, Town Law § 195 [2]). The petition, therefore, was properly dismissed. (Appeal from Judgment of Supreme Court, Oneida County, Parker, J.—Article 78.) Present—Green, J. P., Balio, Lawton, Wesley and Boehm, JJ.