Ellen B. Cudlip, Respondent, *v.* The New York Evening Journal Publishing Company, Appellant.

Evidence — Right to Object to Competency of Portions of a Deposition — Code Civ. Pro. § 911. Where testimony taken upon the direct examination of a witness under a commission has been read upon a trial, a party may decline to read the testimony taken upon his cross-examination of the witness, and, if read by his adversary, he may, under section 911 of the Code of Civil Procedure, object to any question as incompetent or irrelevant, although it was framed by him and constituted part of his own cross-examination.

*Cudlip* v. *N. Y. Eve. Journal Pub. Co.*, 87 App. Div. 633, affirmed.

(Argued December 6, 1904; decided December 30, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 19, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David B. Hill* and *Clarence J. Shearn* for appellant. It was error to refuse to permit the defendant to read portions of the plaintiff's cross-examination of one of the defendant's witnesses taken under an open commission, which cross-examination the plaintiff had declined to read. (Code Civ. Pro. § 911.)

*Thomas P. Wickes* and *Charles D. Ingersoll* for respondent. The trial justice committed no error in sustaining the objection of plaintiff's counsel to defendant's counsel reading six questions and answers in the cross-examination appearing in the deposition of the witness Franklin E. Wieder. (*Root* v. *King*, 7 Cow. 613, 635; *Wuensch* v. *M. J. Assn.*, 4 App. Div. 110; *Holmes* v. *Jones*, 147 N. Y. 59; *Kramer* v.

*Kramer*, 80 App. Div. 20 ; *Whitlach* v. *F. & C. Co.*, 21 App. Div. 124; *Gellatly* v. *Lowery*, 6 Bosw. 113.)

GRAY, J.   The plaintiff brought this action to recover of the defendant damages for a libelous publication in its newspaper.   The defendant did not plead in justification; but alleged various facts in mitigation of damages.   The plaintiff recovered a verdict upon the trial and her judgment has been affirmed, unanimously, by the Appellate Division, in the first department.   There is but one question of sufficient importance, now, for us to consider and that arises upon an exception to the exclusion of portions of a deposition, offered to be read by the defendant.   It appears that the testimony of a former husband of the plaintiff had been taken under a commission, issued at the instance of the defendant.   The witness' direct examination was read by the defendant, without objection thereto ; in which, in response to a question as to the general reputation of the plaintiff in the city of Washington, during certain years, he testified that he had " no personal knowledge, but from all accounts it had not been the best."   When the reading of the direct examination was concluded, the plaintiff's counsel stated that he would not read the cross-examination of the witness ; whereupon the defendant's counsel announced that he would read it, or parts of it.   In doing so, objections were made by the plaintiff to the reading of certain questions and answers relating to a divorce, which the witness had procured from the plaintiff for the willful desertion of her husband and infant child, upon the ground that such testimony was incompetent.   The objections were sustained and exceptions were taken by defendant to the court's ruling.

Whether the ruling was correct turns upon the construction, which section 911 of the Code of Civil Procedure should receive.   That section provides that a deposition, taken and returned, may " be read in evidence by either party.   It has the same effect, and no other, as the oral testimony of the witness would have ; and an objection to the competency * * * of the witness, or to the relevancy, or substantial

competency, of a question put to him, or of an answer given by him. may be made, as if the witness was then personally examined, and without being noted upon the deposition." The appellant insists that the plaintiff's counsel could not be heard to object that his own questions were not relevant, or competent. Doubtless the situation was singular in that respect; but, nevertheless, the extremely broad language of the Code section seems to justify the ruling below. It enlarges the scope of the objections to testimony elicited upon a deposition, very greatly, and frees a party from any restrictions upon his right to object, which would not exist were the witness present and being personally examined. It materially changed the former rule of procedure ; under which objections to interrogatories proposed upon a commission to take testimony were noted, and when, therefore, such a question as this could not arise upon the reading of the return to the commission. Considering the situation in the light of the present Code provision, when, upon the plaintiff refusing to read her cross-examination of the witness, the defendant offered to read it, it made the deposition its own and a part of its direct evidence. It was, then, as though the defendant was offering to show, in mitigation of damages, specific acts, or instances, of plaintiff's misconduct, in order to prove the allegation that her reputation was bad. This was, of course, inadmissible evidence under the settled rule. (*Root* v. *King*, 7 Cow. 613 ; *Corning* v. *Corning*. 6 N. Y. 97, 104; *Holmes* v. *Jones*, 147 N. Y. 59, 68.) Lately, the Appellate Division, in the first department, has had the same question under consideration in *Kramer* v. *Kramer*, (80 App. Div. 20), when construing section 883 of the Code; whose provisions, with reference to the taking of depositions within the state, are similar to those of section 911. That court has taken the same view of the operation of the statute upon evidence offered upon a trial in depositions and has expressly held, upon a very similar situation, that examining counsel could not be estopped from objecting to incompetent testimony. The courts of other states have taken the same view of the

question, in cases to which we are referred. (*Hatch* v. *Brown*, 63 Maine, 410; *In re Smith*, 34 Minn. 436; *Brandon* v. *Mullenix*, 58 Tenn. [11 Heisk.] 446; *City of Bloomington* v. *Osterle*, 139 Ill. 120.)

The judgment should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment affirmed.