KALKHOFF CO. v. RUSSIAN ORTHODOX ST. NICHOLAS CHURCH
OF NEW YORK.

(Supreme Court, Appellate Term.    March 10, 1910.)

TRIAL (§ 40*) — READING DEPOSITION IN EVIDENCE — CROSS-EXAMINATION —
ADOPTING WITNESS.

Where plaintiff reads a deposition taken on behalf of defendant, it is error, under Code Civ. Proc. §§ 881, 911, providing that a deposition may be read in evidence by either party, to rule out as an entirety the "cross-examination," on the theory that plaintiff had adopted the witness as his own, since, under the practice of taking depositions, testimony taken on cross-interrogatories may be nothing more than direct examination on new matter.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 40.*]

Appeal from City Court of New York, Trial Term.

Action by the Kalkhoff Company against the Russian Orthodox St. Nicholas Church of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Arthur Falk, for appellant.
Coudert Bros., for respondent.

BIJUR, J.    Plaintiff read the direct examination of Rev. Alexander Hotovitsky from a deposition taken before trial on behalf of the defendant, by stipulation. As plaintiff was about to read the "cross-examination," the court sustained defendant's objection thereto, on the ground that plaintiff had made this witness his own, and could not, therefore, cross-examine him. Sections 881 and 911 of the Code of Civil Procedure provide that a deposition may be read in evidence by either party. In Cudlip v. The Evening Journal, 180 N. Y. 85, 72 N. E. 925, a deposition was taken at defendant's instance before trial, and the direct examination was read by defendant. Upon plaintiff's declining to read the cross-examination, defendant was allowed to read it. Objections were raised, but only to the competency of parts thereof. It would seem to follow that, if a party may read his opponent's cross-examination of his own witness, he may certainly read his own cross-examination of his opponent's witness after he himself has read the direct examination. Testimony taken under so-called cross-interrogatories frequently constitutes merely a direct examination, because the parties, instead of obtaining two orders and preparing two sets of direct interrogatories, have simply taken the deposition on direct and so-called "cross" interrogatories. Marshall v. Watertown Co., 10 Hun, 463.

The courts seem to have adopted a liberal rule in this respect regarding depositions, on the ground that a party has a right to rely on being able to read the testimony taken thereunder. Berdell v. Berdell, 86 N. Y. 519, 521, 522. In the case at bar, defendant might have objected to such questions or answers as he considered incompetent or irrelevant, or perhaps, even, as impeaching the witness' testimony on

his direct examination. It was, however, improper to rule out the entire so-called cross-examination, without even examining the character of the questions and answers. They might have been found to constitute what was really a direct examination on new and relevant matters.

As due exception was taken to the exclusion of this testimony, the judgment is reversed, and a new trial granted with costs to appellant to abide the event. All concur.