THE KALKHOFF COMPANY, Appellant, *v.* THE RUSSIAN ORTHODOX ST. NICHOLAS CHURCH OF NEW YORK, Respondent.

(Supreme Court, Appellate Term, March, 1910.)

Depositions — Depositions on commission — Use as evidence — Use by adverse party — Reading cross-interrogatories.

> Testimony taken under cross-interrogatories frequently constitutes merely a direct examination, and where, after a plaintiff has read from the deposition of a witness taken on defendant's behalf the direct testimony of said witness, it is improper to rule out the entire cross-examination upon the theory that plaintiff had made the witness his own and could not, therefore, cross-examine him.

> Whether under such circumstances the plaintiff should be allowed to read such testimony of the witness given in response to the cross-interrogatories as tended to impeach his testimony upon his direct examination, *quære*.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York, dismissing the complaint.

Arthur Falk, for appellant.

Coudert Brothers, for respondent.

BIJUR, J. Plaintiff read the direct examination of the Rev. Alexander Hotovitsky from a deposition taken, before trial, on behalf of the defendant, by stipulation. As plaintiff was about to read the " cross-examination," the court sustained defendant's objection thereto on the ground that plaintiff had made this witness his own, and could not, therefore, cross-examine him. Sections 881 and 911 of the Code of Civil Procedure provide that a deposition may be read in evidence by either party. In Cudlip v. Evening Journal, 180 N. Y. 85, a deposition was taken at defendant's instance before trial, and the direct examination was read by defendant. Upon plaintiff's declining to read the cross-examina-

Supreme Court, Appellate Term, March, 1910.   [Vol. 67.

tion, defendant was allowed to read it.   Objections were raised, but only to the competency of parts thereof.   It would seem to follow that, if a party may read his opponent's cross-examination of his own witness, he may certainly read his own cross-examination of his opponent's witness after he himself has read the direct examination.   Testimony taken under so-called cross-interrogatories frequently constitutes merely a direct examination, because the parties, instead of obtaining two orders and preparing two sets of direct interrogatories, have simply taken the deposition on direct and so-called " cross " interrogatories.   Marshall v. Watertown Co., 10 Hun, 463.

The courts seem to have adopted a liberal rule in this respect regarding depositions, on the ground that a party has a right to rely on being able to read the testimony taken thereunder.   Berdell v. Berdell, 86 N. Y. 519, 521, 522.

In the case at bar, defendant might have objected to such questions or answers as he considered incompetent or irrelevant, or perhaps even as impeaching the witness' testimony on his direct examination.   It was, however, improper to rule out the entire so-called cross-examination, without even examining the character of the questions and answers.   They might have been found to constitute what was really a direct examination on new and relevant matters.

As due exception was taken to the exclusion of this testimony, the judgment is reversed and a new trial granted, with costs to appellant to abide the event.

SEABURY and LEHMAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.