INTERNATIONAL HARVESTER COMPANY, APPELLEE, v.
STEPHEN SCHULTZ, APPELLANT.

FILED NOVEMBER 16, 1918. No. 20142.

Guaranty: PAYMENT OF NOTE. A guaranty written on certain negotiable
promissory notes was in the following form: "For value received,
I hereby guarantee the payment of the within note, and all re-
newals, and extensions thereof, to the payee therein named, or any
owner and holder thereof; and I hereby waive protest, due pre-
sentment, demand and notice of nonpayment thereof, and I
hereby waive diligence on the part of any holder thereof in collect-
ing said note and all defenses arising out of lack of diligence in
enforcing payment thereof." Held, to be a contract to pay the
notes in suit by the guarantor upon default by the respective mak-
ers at maturity.

APPEAL from the district court for Adams county:
HARRY S. DUNGAN, JUDGE. Affirmed.

J. W. James, for appellant.

T. J Doyle, contra.

DEAN, J.

This is a suit to recover on a guaranty of payment
of 44 negotiable promissory notes. The makers were
not made parties defendant. A jury was waived.
Plaintiff recovered judgment for $1,927.39 and costs.
Defendant appealed.

Defendant purchased farm machinery from plaintiff
and sold it to his customers, taking the notes sued
on in payment. Some were payable to defendant's
order and some to plaintiff's order. All of the notes
were delivered to plaintiff before maturity. The mak-
ers defaulted at maturity and defendant refused pay-
ment. The guaranty that was written on the notes
appears in the syllabus.

Two questions are presented: First, is the guaranty
an independent contract by defendant to pay to plain-

tiff the amount due on the respective notes on failure of makers to pay at maturity? second, are any of the costs taxable to plaintiff?

The law seems to be settled that the guaranty sued on is a contract to pay the notes on failure of the makers to pay at maturity. *Bloom & Co. v. Warder, Mitchell & Co.*, 13 Neb. 476; *Bickford v. Gibbs*, 8 Cush. (Mass.) 154. In view of the comprehensive terms of the guaranty, plaintiff was under no obligation to undertake the collection of the notes from the makers, nor to make them parties defendant.

Each of the 44 notes was separately stated as a cause of action. While the suit was pending 28 of the notes were paid to plaintiff by the respective makers, and as to such notes the causes of action were dismissed and judgment was rendered for plaintiff on the remaining notes. Defendant argues that, because the suit was dismissed as to the notes paid, a part of the costs should therefore be taxed to plaintiff. His contention cannot prevail. The power of courts to award and tax costs in legal proceedings was unknown at the common law. *Branson v. Branson*, 84 Neb. 288. We have no statute in this state authorizing the court to apportion any part of the costs against plaintiff in an action involving such facts as are presented by the record before us. It follows that, in the absence of such statute the prevailing party is entitled to recover costs. 15 C. J. p. 28, sec. 14.

Finding no reversible error, the judgment is

AFFIRMED.

SEDWICK, J., concurs in the conclusion.