(No. 4876.   July 27, 1927.)

D. G. DONAHOE, SARAH C. DONAVAN and FRANK T. DONAHOE, Respondents, v. FRED HERRICK and FRED HERRICK, Doing Business as the EXPORT LUMBER COMPANY, Appellants.

[260 Pac. 150.]

CONTRACTS—BREACH OF CONTRACT—EVIDENCE HELD PROPERLY EXCLUDED —DEPOSITIONS—TRIAL COURT'S RULING HELD INCORRECT—APPEAL AND ERROR—BURDEN OF SHOWING ERROR—TRIAL—NO ERROR IN ATTORNEY'S STATEMENT — JUDGMENT — FAILURE TO AWARD INTEREST "CLERICAL ERROR" — COSTS — FEES FOR WITNESSES — PREVAILING PARTIES ENTITLED TO COSTS.

1.   Where defendants, in action for breach of contract, denied contract alleged, but did not allege a previous contract, or that there had been any interference therewith by plaintiffs, evidence as to plaintiffs interfering with performance of such previous contract was properly excluded as not being responsive to any issue made by pleadings.

2.   Where plaintiffs, after taking deposition containing direct and cross examination, failed to offer deposition, and defendants did offer it, court's ruling at conclusion of reading direct testimony that defendants were not entitled to read cross-examination on ground they had made witness their own by reading deposition *held* incorrect.

3.   Erroneous ruling of trial court refusing defendant's offer to read cross-examination deposition taken by plaintiff, will not require reversal, where cross-examination was not in

Argument for Appellants.

the record, since it was impossible to determine whether defendants were prejudicially affected by such ruling.

4. Burden of showing error is on appellants.

5. Attorney's statement to effect that there was an error in deposition, and request that bookkeeper be brought in for purpose of showing deponent's statement, *held* not erroneous, where court immediately instructed jury not to consider any statements made in argument during course of trial.

6. Court's action in reforming judgment to award interest from time of commencement of action in accordance with verdict, *held* not erroneous, in that failure of first judgment to award interest constituted only a clerical mistake.

7. Where testimony of certain of plaintiff's witnesses on causes of action on which there was no recovery overlapped causes of action on which recovery was had, fees were properly allowed therefor.

8. Plaintiffs, having obtained judgment for part of relief prayed for, are prevailing parties, and entitled to costs, even though there were several causes of action and defendants were successful on some.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Charles L. Heitman, Judge.

Action for breach of contract. Judgment for plaintiffs. *Affirmed.*

N. D. Wernette, for Appellants.

In the absence of statutory regulation, the general rule is that where a valid and competent deposition has been taken

Publisher's Note.

4. See 2 R. C. L. 131.
8. See 7 R. C. L. 783.

See Appeal and Error, 4 C. J., sec. 1667, p. 77, n. 35 New; sec. 2662, p. 732, n. 86.
Contracts, 13 C. J., sec. 960, p. 765, n. 66, p. 766, n. 72.
Costs, 15 C. J., sec. 13, p. 27, n. 86, p. 28, n. 87; sec. 291, p. 131, n. 44 New.
Depositions, 18 C. J., sec. 342, p. 732, n. 91; sec. 346, p. 737, n. 55.
Judgments, 34 C. J., sec. 466, p. 242, n. 50.
Trial, 38 Cyc., p. 1503, n. 56.

and filed in the cause, either party is entitled to use it, the adverse party having the right to use it, although the party taking it refuses to introduce it in his own behalf. Said rule is especially applicable when the deposition has been taken on interrogatories propounded by both parties, or where the witnesses were cross-examined upon the taking of the deposition. (18 C. J. 731, 732; 13 Cyc. 979.)

After a verdict has been rendered by the jury and a judgment entered thereon, such judgment cannot be changed or modified by the trial court, except in respect of mere clerical errors. The only relief the trial court can grant is that of a new trial. (*Lawrence v. Corbeille,* 28 Ida. 329, 154 Pac. 495.)

Nonperformance of a contract in accordance with its terms is excused if performance is prevented by the conduct of the adverse party. If the impossibility of performance arises directly or even indirectly from the acts of the promisee, it is a sufficient excuse for nonperformance. This is upon the principle that he who prevents a thing may not avail himself of the nonperformance which he has occasioned. (6 R. C. L., sec. 355, p. 986; sec. 374, p. 1012; 9 Cyc. 608.)

James F. Ailshie and E. H. Hillman, for Respondents.

A party who elects to read a deposition taken by the adverse party makes the witness his own and has no right to cross-examine his own witness. (C. S., secs. 8031 and 8034; Jones on Evidence, p. 855; *City of Bloomington v. Osterle,* 139 Ill. 120, 28 N. E. 1068; *Roller v. James,* 6 Kan. App. 919, 49 Pac. 630; *Schallert v. Boggs* (Tex. Civ. App.), 204 S. W. 1061; *Hatch v. Brown,* 63 Me. 410; *People's Nat. Bank of Pensacola v. Hazard,* 231 Pa. 552, Ann. Cas. 1914B, 1115, 80 Atl. 1094; 8 R. C. L. 1167.)

One who complains of the rejection of evidence must make an offer that will indicate the character of the evidence sought to be introduced. (*Glenmore Distilling Co. v. Craig,* 128 Cal. 264, 60 Pac. 858; 4 C. J., sec. 1661, p. 71; *Olympia*

*Min. Co. v. Kerns,* 15 Ida. 371, 97 Pac. 1031; *Meyers v. Clarke,* 122 Ky. 866, 90 S. W. 1049, 93 S. W. 43, 5 L. R. A., N. S., 727.)

Costs are allowed of course to plaintiff upon a judgment in his favor in an action for the recovery of money or damages when the plaintiff recovers $100 or more. (C. S., sec. 7207; *Delay v. Foster,* 34 Ida. 691, 203 Pac. 461.)

A judgment may be corrected to make it conform to the verdict of the jury or the requirements of the statute. (1 Freeman on Judgments, secs. 152 and 153; *Wilcox v. Wells,* 5 Ida. 786, 51 Pac. 985; *Home Seekers' Loan Assn. v. Gleeson,* 133 Cal. 312, 65 Pac. 617; *Wildenhayn v. Justices' Court,* 34 Cal. App. 306, 167 Pac. 305.)

When it appears to the appellate court that the appeal was made for delay, it may add to the cost such damages as may be just. (C. S., sec. 7171.)

GIVENS, J. — Respondents' complaint contained three causes of action, of which only the second need be considered herein because the other two terminated in appellants' favor. The second cause alleged a sale in June, 1921, of 506,560 feet of green white pine sawlogs at the agreed net stumpage price and reasonable value of $17 per thousand, with prayer for judgment for the same, the price not having been paid. Appellants denied the contract and alleged that the sawlogs were purchased from Knous Brothers and had been fully paid for.

The evidence showed that about May, 1921, respondents made a contract with Knous Brothers to cut and deliver the sawlogs from respondents' timber land for $13 a thousand, the appellants to purchase the logs from respondents at $22 a thousand, $8 of which was to be paid to the plaintiffs, $13 to Knous Brothers, $1 being deposited in a Wallace Bank to secure faithful performance by said Knous Brothers. On June 15, 1925, Knous Brothers had delivered all the logs in question except 506,560 feet, which had been cut and skidded but which had not yet been hauled; respondents took the position that the first contract had been broken because

of failure to perform within the time limit and notified Knous Brothers to cease operations and notified appellants that the balance of the logs would be at $16 a thousand instead of $8 and contend a new contract was then made to that effect.

[1] The several assignments of error fall within several groups; first, that the court erred in rejecting evidence offered by appellants to show that respondents had interfered with the performance of the original contract by Knous Brothers of May, 1921. Under the pleadings the only contract in issue was the one of June 15, 1923. Appellants denied this contract but did not allege a previous contract of May, 1921, or that there had been any interference therewith by respondents. The evidence offered, therefore, was not responsive to any issue made by the pleadings and was inadmissible.

[2] Respondents took the testimony of one Bailey by deposition, the same containing direct and cross examination. At the trial respondents did not offer the deposition but appellants did. At the conclusion of the reading of the direct testimony respondents' objection to the cross-examination was sustained on the ground that the defendants by reading the deposition taken by the plaintiffs had made the witness their own and therefore could not cross-examine the witness. This ruling was incorrect. (Wigmore on Evidence, secs. 1389 and 2103; The Law of Depositions, Weeks, secs. 466 and 467; *Von Tobel v. Stetson & Post Mill Co.*, 32 Wash. 683, 73 Pac. 788; *Schnabel v. American Educational Alliance*, 79 Misc. Rep. 624, 140 N. Y. Supp. 369; *Kalkoff v. Russian Orthodox St. Nicholas Church*, 67 Misc. Rep. 107, 121 N. Y. Supp. 713; 18 C. J., pp. 731 and 737; cases cited in note to *Dogget v. Greene*, 254 Ill. 134, Ann. Cas. 1913B, 1166, at 1169, 98 N. E. 219.)

[3, 4] The question of whether the ruling, though erroneous and based on a misconception of the true rule of law, was prejudicial would depend upon whether the party had been injured by not having had the use of the cross-examination. Since this cross-examination is not in the record

it is impossible to decide that appellants were prejudicially affected by such ruling (*Citizens Bank v. Rhutasel,* 67 Iowa, 316, 25 N. W. 261), or that the ruling did constitute error, the burden of showing error being on the appellants.

[5]   Appellants excepted to a statement by respondents' attorney to the effect that there was an error in the price as given in the deposition and that Mr. Bailey had come down to his office and requested that the bookkeeper be brought in (presumably to show such statement by Mr. Bailey), and the court immediately instructed the jury that they should not consider any statements made in the argument during the course of the trial.   Such remark and offer were not erroneous or prejudicial.   (Authorities *supra.*)

The verdict of the jury with respect to the second cause of action was as follows:

"We, the jury, impaneled to try the above entitled cause, do render this our verdict, and find as follows:

"Upon the plaintiffs' second cause of action we find for plaintiffs and against the defendant in the sum of...$8104.96
Int.... 263.20

8363.16
together with interest thereon at the rate of 7 per cent per annum."

[6]   The $263.20 was the interest computed up to the time of the commencement of the action.   The first judgment entered did not award interest from the commencement of the action to the date of entry of judgment.   It does not appear that counsel for appellants contend that respondents were not entitled to interest from the time of the commencement of suit, but contend that the court had no right to reform the judgment.   It evidently was in the nature of a clerical mistake and the court's action relative thereto was not improper.

[7]   Appellants moved to strike the fees of certain of respondents' witnesses on the ground that they had not testified relative to the second cause of action.   The court

struck some and denied the motion as to others. The testimony of some witnesses overlapped the three causes of action and the court's action in this regard was reasonably justified by the record.

[8] Appellants also presented a cost bill for the fees of witnesses who testified with respect to the first and third causes of action, on the first of which the jury found for respondents, the third having been decided in favor of appellants by the court. In the absence of statute, and we have none, the respondents having obtained judgment for a part of the relief prayed for are prevailing parties, and as such are entitled to costs and no apportionment can be made for defendants even though there were several causes of action and the defendants be successful on some of them. (15 C. J. 27, 28; *International Harvester Co. of America v. Schultz,* 102 Neb. 753, 169 N. W. 428; *Jones v. Great Northern Ry. Co.,* 68 Mont. 231, 37 A. L. R. 754, 217 Pac. 673.)

The judgment is therefore affirmed. Costs awarded to respondents.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.