NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Respondent, *v.* RICHARD SHEARMAN, by His Guardian ad Litem JOHN C. SHEARMAN, Appellant.

Fourth Department, March 14, 1928.

**Depositions — reading on trial — defendant was examined before trial by plaintiff — examination is contained in two depositions — plaintiff read parts of both depositions — error to refuse defendant right to read other parts of depositions (Civ. Prac. Act, §§ 303–305) — appeal — record on appeal — not necessary that depositions be printed in full to pass on question of defendant's right to read therefrom.**

The defendant was examined before trial on behalf of the plaintiff and his testimony is contained in two depositions. The depositions were produced on the trial and the plaintiff's attorney read parts of the depositions to the jury. The depositions were not marked in evidence and plaintiff's counsel refused to read the entire depositions. Plaintiff had the right to read a part or all of the depositions but it was error for the court to deny the defendant the right to read other parts of the depositions which he claimed supported his case. (Civ. Prac. Act, §§ 303–305.)

While the record on appeal does not contain printed copies of the depositions, enough is presented by the record to show that there were two depositions, that the plaintiff read parts from each, and that the defendant was denied the right to read other parts. The record is sufficient for the determination of the question presented.

CROUCH, J., dissents.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Chautauqua on the 2d day of June, 1927, and also from an order entered on the 14th day of November, 1927.

*Nugent & Heffernan* [*Thomas P. Heffernan* of counsel], for the appellant.

*Lannon & Bailey* [*Marion H. Fisher* and *John David Lannon* of counsel], for the respondent.

SAWYER, J. In its complaint plaintiff charges that on the 18th day of February, 1922, a Cadillac automobile, owned by one Mullans, and in possession of and driven by the defendant, was negligently run into a telegraph pole and seriously damaged. Before the action was begun Mullans assigned the claim to plaintiff, which sues to recover for such damages and has had a judgment therefor. The appeal is from that judgment and from an order denying a motion for a new trial. We find the verdict not to have been against the weight of the evidence but are constrained to direct a reversal of the judgment for what appears to us to be a serious

and material error in excluding from the consideration of the jury certain testimony offered by defendant.

The record discloses that defendant was examined before trial at the instance of plaintiff, his testimony thereon being contained in two separate depositions, one made April 23, 1925, and one July 28, 1925. These depositions were produced on the trial and plaintiff's attorney read from them, as a part of his case, various adverse admissions of defendant. The depositions themselves were not marked in evidence and counsel declined to read from them anything other than such selected admissions. In this he was sustained by the court, which overruled defendant's objections to such refusal. This practice is that commonly followed and is sustained by authority. (*Parmenter* v. *Boston, Hoosac Tunnel & Western Railway Co.*, 37 Hun, 354; *Whitlatch* v. *Fidelity & Casualty Co. of New York*, 21 App. Div. 124; *Smith* v. *Crocker*, 3 id. 471; *Schupp & Sons, Inc.*, v. *Barnett*, 210 id. 546.)

After plaintiff had rested defendant offered to read as a part of his own case those portions of the depositions that had been omitted by plaintiff but was prevented by a ruling of the court that he was "not entitled to read any parts of the deposition which he [plaintiff] refuses to read."

From the discussion in connection with this ruling it appears that defendant was not then in court, but in both briefs filed it is admitted that he had been present throughout the greater part of the trial although absent at this particular time. His presence or absence had no bearing on his right to read the omitted parts of those depositions. He was a party to the action and section 304 of the Civil Practice Act expressly exempts depositions of the parties from the limitations imposed on the reading of depositions of the witnesses, taken within the State. Those parts of the depositions already before the jury had been introduced on the theory that they constituted admissions of defendant against his own interest; defendant was entitled to have anything further therein that might be material to the issue, this, of course subject to objection as to its competency. (Civ. Prac. Act, §§ 304, 305.)

In principle there is no difference between such testimony whether taken in open court or by deposition under the permissive sections of the statute. Section 303 of the Civil Practice Act provides that a deposition may be read in evidence by either party to the action, and in *Schupp & Sons, Inc.*, v. *Barnett* (*supra*) Mr. Justice HINMAN says: " It is common practice to permit a party to read such parts of a deposition as he may choose to read and his adversary may read the remainder if he cares to do so. * * * Whatever he reads he is bound by as if he personally

examined the witness in open court." In that case defendant waived the right to read his own cross-examination of the witness. Thereupon plaintiff's attorney offered to read it but his request to do so was denied. The court held this to be error, saying: " No good reason is suggested why material testimony given on cross-examination should be suppressed simply because the examination was conducted by the adverse party who waives the reading of it himself and objects to the reading of it by his opponent." The witness there under examination was an officer of the plaintiff corporation having specific knowledge of the facts at issue. Here the deposition is that of the party himself. The rule to be applied to both is necessarily the same. Plaintiff having selected from the depositions such portions as suited its purpose cannot be heard to object to defendant reading, in his own behalf, any other material parts thereof. The rule is in nowise a new one. (*Berdell* v. *Berdell*, 86 N. Y. 519; *Parmenter* v. *Boston, Hoosac Tunnel & Western Railway Co.*, *supra*; *Kalkhoff Co.* v. *Russian Orthodox St. Nicholas Church of New York*, 67 Misc. 107; *Schupp & Sons, Inc.*, v. *Barnett*, *supra*.) The doubt of the learned surrogate in *Matter of Van Ness* (78 Misc. 592), to which our attention is called, can have little weight in the light of the decided cases holding that such depositions and all of them are available to either or both parties to a litigation.

The record on appeal was duly settled by the trial justice and also contains a stipulation by the respective attorneys as provided for in rule 234 of the Rules of Civil Practice. Except in so far as the questions and answers read and a number of others that were excluded as incompetent or otherwise are contained in the evidence, the depositions are not printed therein; enough is presented, however, to show that there were two depositions of the defendant Shearman; that only a part of the questions and answers contained therein were read at the trial and that defendant sought to read those which plaintiff had omitted, but was barred by a ruling of the court that he was without right to do so. Had the parts of the deposition left out been excluded as incompetent or for some other similar reason, the ruling would not be available to defendant without such amendment of the record as would include therein the omitted portions of the deposition, for we would be unable to determine the correctness of the decision. (*Carradine* v. *Hotchkiss*, 55 N. Y. Super. Ct. [23 J. & S.] 190; affd., 120 N. Y. 608; *De Klyn* v. *Silver Lake Ice Company*, 58 N. Y. Super. Ct. [26 J. & S.] 501; affd., 128 N. Y. 582; *Victor* v. *Kingsley*, 163 N. Y. Supp. 71.) That question is, however, not here; no objection of that character was interposed against

9

the reading of the omitted parts.    They were excluded solely on the ground that defendant had no right to read any part of the deposition that plaintiff had refused to read.    The record before us is ample for a proper review of that ruling.    (*Derby* v. *General Electric Company*, 208 App. Div. 529.)    Other alleged errors are called to our attention but inasmuch as upon another trial they can be easily obviated it is unnecessary to now consider them.

The judgment and order should be reversed upon the law and a new trial granted, with costs to abide the event.

All concur, except CROUCH, J., who dissents and votes for affirmance on the ground that while the ruling was error, the record fails to disclose anything from which the court may say that the appellant was aggrieved.    Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.