(No. 6112. February 28, 1935.)

H. H. WILLIAMSON, Respondent, v. WINIFRED M. WILSON, Appellant.

[42 Pac. (2d) 290.]

M. H. Eustace, Stewart S. Maxey and John D. Ewing, for Appellant.

Thos. E. Buckner and Charles F. Reddoch, for Respondent.

KOELSCH, D. J.—Judgment having been rendered in this action against the appellant, defendant in the court below, and her motion for a new trial having been denied, she appeals from both judgment and order denying a new trial to this court.

A reporter's transcript of the evidence taken was duly lodged with the clerk on May 9, 1934, and on June 28, 1934, the clerk, having meanwhile prepared the transcript of the files and minutes of the case required of him by the *praecipe* of counsel for appellant, and having bound such clerk's transcript with the reporter's transcript, delivered two

copies of the completed transcript to counsel for appellant, who, in turn, on July 2, 1934, delivered one of such completed transcripts, unaccompanied by any notice of errors, to counsel for respondent. The record further shows that on the ninth day of July, 1934, the clerk delivered the three remaining copies of such completed transcript to the clerk of this court, who on said day filed the same herein.

The respondent now moves that the said reporter's transcript be stricken from the records, and that, after that be done, the entire transcript be stricken, and the appeals dismissed. This motion is supported by the affidavits of counsel for respondent, and the grounds urged for the motion are that "appellant never served a reporter's transcript upon counsel for respondent with any designation of errors, or a statement that they found no errors therein, for which reason counsel for respondent has never had an opportunity to point out or designate errors in said reporter's transcript," and,

"That the reporter's transcript has never been settled or allowed as and for a bill of exceptions by Hon. John C. Rice, trial judge in the Court below, under the provisions of I. C. A., Sec. 7–509, for which reason it is no part of the record on appeal herein."

The statute, subdivision 2 of sec. 7–509, I. C. A., provides that after the reporter's transcript has been lodged with the clerk he shall deliver two copies thereof to the appellant or his attorney. The statute does not specify any time within which the clerk must do this; but it does provide that the party, or his attorney, to whom he has delivered such two copies, shall within ten days thereafter serve one copy of such transcript, "together with a notice particularly designating by page and line, any errors or omissions which he claims to be disclosed by the transcript, in the event that he claims that there are any such errors or omissions, upon the adverse party or his attorney. . . . . " And the statute gives to the adverse party or his attorney, ten days from the date of such service, in which to likewise point

out errors in said transcript. It also further provides that "at the expiration of the time limited for designating errors, the transcript with any notice designating errors shall be transmitted to the judge who tried the cause, by the clerk, on application of either party, and such judge shall forthwith settle the same. . . . . In case no errors in the transcript are designated by either party within the time herein allowed, the transcript shall be deemed settled by the judge, and the certificate of the reporter shall be sufficient evidence of such settlement."

It will be noticed that this statute requires that counsel for appellant, after receipt by him from the clerk of two copies of the reporter's transcript, must within ten days serve on the opposing side one of such copies, together with a designation of errors, "in the event that he claims that there are any such errors or omissions." If he claims no errors it is not incumbent upon him to so state, but if he served the copy of the transcript on opposing counsel without any notice of errors, that of itself is sufficient evidence of the fact that he claims none.

It follows that in the instant case, the want of any notice of errors by the appellant at the time of the service of the copy of the transcript on counsel for respondent, did not deprive respondent of any opportunity on his part to point out or designate errors in said transcript.

The statute, however, provides that after the appellant has served a copy of the reporter's transcript on the adverse side, the latter likewise has ten days in which to point out errors and omissions in such transcript. In the instant case, as hereinbefore stated, counsel for appellant served a copy of the reporter's transcript, bound with a copy of the clerk's transcript, on opposing counsel on the second day of July, 1934, but the clerk, without giving to counsel for respondent the full ten days granted by the statute, delivered the remaining three copies of said completed transcript to the clerk of this court on the ninth day of July, 1934, only seven days after the receipt by respondent's

counsel of such transcript. It thus appears that the appellant had within the time fixed by the statute done everything that the statute required her to do, but that the clerk of the lower court, whose duty it is to deliver the record on appeal to the Supreme Court (sec. 7–509, subd. 3, I. C. A.; *Evans v. American Falls*, 51 Ida. 89, 1 Pac. (2d) 632; *Fischer v. Davis*, 24 Ida. 216, 133 Pac. 910), prematurely delivered such transcript to the Supreme Court. Does this make the transcript vulnerable to a motion to strike the same from the record? In the case last above cited, this court held that,

"A failure on the part of either the court reporter to prepare a transcript of his notes or on the part of the clerk of the district court to prepare and deliver a transcript or file the same in the Supreme Court cannot result in or work a dismissal of the appeal, unless the appellant has been guilty of laches and negligence, or has in some way contributed to or encouraged the delay and failure on the part of the proper officer to act."

If the litigant is not responsible for delay or neglect of the clerk to timely perform his duty, neither can the litigant be responsible when such officer prematurely performs an act required of him.

There is, however, a yet more compelling reason why respondent's motion to strike the reporter's transcript herein must be denied. There is no showing whatever that respondent was prejudiced by the premature filing of the transcript in this court. His complaint is that he was deprived of the full statutory time in which to point out errors in said transcript, but there is even now no showing nor any claim whatever that there are any errors or omissions in the said transcript. This court by innumerable decisions is thoroughly committed to the principle that the mere showing of abstract error does not constitute prejudice. (*Five Point Garage v. Purdum*, 50 Ida. 43, 293 Pac. 319; *Nielson et al. v. Board of Commissioners of Bonneville Co.,*

40 Ida. 481, 234 Pac. 686; sec. 5–907, I. C. A.; *Hartley v. Bohrer*, 52 Ida. 72, 11 Pac. (2d) 616.)

The remaining point urged by respondent is that the reporter's transcript has never been settled by the trial judge. This ground is likewise untenable under the provisions of subd. 3 of sec. 7–509, I. C. A., providing that where no errors are designated the transcript shall be deemed settled by the judge after the expiration of the time allowed for pointing out errors.

The motion to strike is denied.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.