## W. G. C. BAIN, APPELLEE, V. G. R. KING: G. W. SHAFER ET AL., APPELLANTS.

### FILED APRIL 5, 1935. No. 29147.

*Stevens & Stevens* and *F. A. Anderson,* for appellants.

*J. F. Fults, J. P. O'Gara* and *Perry, Van Pelt & Marti,* contra.

Heard before ROSE, GOOD, EBERLY, PAINE and CARTER, JJ., and THOMSEN, District Judge.

EBERLY, J.

This was an action at law upon a promissory note. At the close of all the evidence the district court, on motion, directed a verdict for plaintiff against the defendants G. W. Shafer, E. H. Stoll, H. F. Stoll, Jos. Einstein, and C. M. Evans. No service of process was made on defendant G. R. King, and neither did he enter an appearance in the cause. From the judgment of the court overruling their motions for new trial, the defendants appeal.

The following is a copy of the instrument in suit: "Arapahoe, Nebr. April 20th, 1931. $5,000. Two years after date, I, we, or either of us, promise to pay to the order of W. G. C. Bain, Five Thousand and no/100 Dollars. Value received, with 7 per cent. interest per semiannum from date until paid. Payable at First State Bank, Beaver City, Nebraska. Interest payable annually and defaulting interest to draw interest at ten per cent. per annum. The makers, sureties, indorsers

and guarantors of this note severally waive presentment for payment, notice of nonpayment, protest and notice of protest, and diligence in bringing suit against any party thereto, and consent that the time of payment may be extended without notice thereof. We and each of us personally, hereby charge our separate estate with the payment of this note. P. O. Stamford, Nebr. (Corporate seal) Due Apr. 20, 1933. The Arapahoe Flour Mills, Clyde S. Paine, Secy & Treas. Per G. W. Shafer, Prest."

On the back of such instrument appears the following indorsement: "Indorsed and guaranteed payment by G. R. King, G. W. Shafer, E. H. Stoll, H. F. Stoll, Jos. Einstein, C. M. Evans."

The evidence is undisputed that the indorsers and guarantors, whose names appear in the original instrument, are stockholders of the maker and indorsed the same prior to its acceptance by the payee, and that the consideration named was parted with by the payee on the faith and credit of the obligation expressed in the indorsement.

While the answers contain general denials, the execution of the note and of the indorsement and guaranty were fairly admitted by the terms of the defendants' pleading.

Certain other alleged defenses were set forth in the answers which were traversed by the reply of plaintiff. The evidence in the record, however, fails to establish any of these defenses, and it will serve no good purpose to further discuss this feature of the record.

This action was commenced April 29, 1933. The note was, by its terms, then due, and it is conceded that no part thereof had been paid except the interest thereon to October 20, 1932. By the terms of the note the indorsers and guarantors expressly waived "presentment for payment, notice of nonpayment, protest and notice of protest, and diligence in bringing suit against any party thereto."

In view of these circumstances, the controlling principle in the instant case is that the guaranty hereinbefore

set out is "an absolute contract upon a lawful consideration that the money expressed in the note should be paid at the maturity thereof, at all events." *Bloom v. Warder,* 13 Neb. 476. See, also, *Huff v. Slife,* 25 Neb. 448; *International Harvester Co. v. Schultz,* 102 Neb. 753; *Home Savings Bank v. Shallenberger,* 95 Neb. 593.

It appearing from the terms of their contract that the defendant indorsers were in default on the date of the institution of this action, and no part of the note had been paid except as set forth in the petition, the judgment of the district court is right, and it is

AFFIRMED.