(No. 7039.  September 28, 1942.)

FRANK PATRICK, IDAHO FALLS POTATO GROWERS ASSOCIATION, and STATE INSURANCE FUND, Surety, Respondents, v. SMITH BAKING COMPANY and IDAHO COMPENSATION COMPANY, Surety, Appellants.

[129 Pac. (2d) 651.]

Spencer Nelson and Ralph S. Nelson for appellants.

J. H. Andersen for respondent, Frank Patrick.

Frank L. Benson for respondents, Idaho Falls Potato Growers Association and State Insurance Fund.

HOLDEN, J.—December 5, 1939, claimant Frank Patrick was employed at Idaho Falls, Idaho, by the Idaho Falls Potato Growers Association. On that day he sustained a personal injury by accident arising out of and in the course

of his employment, the injury being caused by claimant's slipping against the corner of a potato sorter and bumping his right knee. At the time claimant sustained such injury, the State Insurance Fund was surety for his employer, the Idaho Falls Potato Growers Association. Thereafter claimant was hospitalized. December 8, 1939, claimant filed notice of injury and claim for compensation. Later, June 19, 1941, claimant and his employer, Idaho Falls Potato Growers Association, entered into a compensation agreement. July 10, 1941, the compensation agreement was approved by the Industrial Accident Board. Under the terms of the compensation agreement claimant was awarded "permanent partial disability consisting of loss in function in right knee equal and comparable to 40 per cent compared to amputation of leg at knee joint." March 31, 1941, claimant was surgically healed, according to the findings of the board. On the 9th day of October following, claimant was in the employ of appellant, Smith Baking Company, at Blackfoot, Idaho, as a motor truck driver delivering bakery products. On that date claimant slipped from the back door of the truck and struck his right knee on the rear bumper, thereby injuring his knee. At that time appellant, Idaho Compensation Company, was surety for claimant's then employer, appellant, Smith Baking Company. Thereafter claimant filed notice of injury and claim for compensation against the Smith Baking Company and its surety, Idaho Compensation Company. The Smith Baking Company petitioned the Industrial Accident Board for an order that Idaho Falls Potato Growers Association and the State Insurance Fund be made parties defendant in the proceeding. The petition was granted and an order entered making them defendants. Later, to wit, April 3, 1942, the Smith Baking Company and the Idaho Compensation Company, its surety, filed an answer to claimant's "Petition for Hearing", and as an affirmative defense alleged:

"That any injury or disability suffered by Frank Patrick is a result of an injury of December 5, 1939, sustained while the claimant, Frank Patrick, was in the employ of the Idaho Falls Potato Growers Association, at that time duly covered under the Idaho Compensation Act by the State Insurance Fund of Idaho."

The controversy was heard before the board April 8, 1942. April 29, 1942, Findings of Fact and Rulings of Law

were made and filed, and the following award entered thereon:

"WHEREFORE IT IS ORDERED AND THIS DOES ORDER That Frank Patrick, claimant, be, and hereby is awarded against the defendants, Smith Baking Company, employer, and Idaho Compensation Company, its surety, the sum of $273.27 as compensation for total temporary disability for work."

\* \* \* \*

"IT IS FURTHER ORDERED AND THIS DOES ORDER That Frank Patrick, claimant herein, take nothing by these proceedings against the defendants Idaho Falls Potato Growers Association, employer, and State Insurance Fund, its surety, or either of them."

The appeal to this court is from the Order of the Board awarding claimant compensation against appellant, Smith Baking Company and its surety, the Idaho Compensation Company.

It is the view of appellants that:

"The main issue in the case is which of two insurance companies is liable to the claimant for the additional compensation." And, as to that: "It is these appellants' contention that when a claimant has a latent, low-grade infection resulting from a first injury which had disabled him for over a year and when he has returned to work only seven weeks, obviously much handicapped by the condition of his knee, that a slight blow, twist or jar causing a recurrence of the former condition is not the proximate cause of claimant's disability; that the employer responsible for the original injury and the weakened condition of the leg together with the latent low-grade infection, which will necessarily be aggravated by any slight jar, is the one responsible."

In his "Petition for Hearing" claimant alleged:

"That on the 9th day of October, 1941, Frank Patrick received a personal injury caused by an accident arising out of and in the course of his employment with the above-named employer, Smith Baking Company."

Appellants answered:

"Defendants deny that on the 9th day of October, 1941, Frank Patrick received a personal injury caused by an

accident arising out of and in the course of his employment with the above-named employer, Smith Baking Company."

By way of an affirmative defense appellants, as hereinbefore stated, alleged:

"That any injury or disability suffered by Frank Patrick is a result of an injury of December 5, 1939, sustained while the claimant, Frank Patrick, was in the employ of the Idaho Falls Potato Growers Association, at that time duly covered under the Idaho Compensation Act by the State Insurance Fund of Idaho."

The board found against appellants on the issues so formed and presented to it by the pleadings, upon ample, competent, substantial evidence and awarded compensation against appellants, holding that appellants, Smith Baking Company, and its surety, the Idaho Compensation Company, were liable to claimant for the payment of compensation, but that the Idaho Falls Potato Growers Association and its surety were not liable, in that the board held that "claimant herein take nothing by these proceedings against" them.

Notwithstanding the fact that upon the trial of the cause before the Board appellants attempted to prove, in support of their affirmative defense, that claimant at the time of the second accident had a "'latent low-grade infection resulting from a first injury", and that the board found against them on that issue, appellants, on this appeal, assume nevertheless that claimant at the time of the second accident did have a latent low-grade infection resulting from the first injury, and, on the basis of that assumption contend the first employer "is the one responsible", citing and primarily relying on *Continental Casualty Co. v. Industrial Commission et al.*, 221 Pac. 852. Discussing the evidence in that case, the Utah Court says that:

"Doctors McDonald and Baldwin, the only surgeons who testified, said in substance that the injury of December, 1922, was a recurrence of the injury of the previous July, and that such recurrence might come from any movement of the arm. The record contains no testimony to the contrary."

The Utah Court further pointed out that "the evidence is without conflict to the effect that the second accident was a recurrence of the first injury." Upon that state of facts the court held in accordance with what it says is

the "great weight of authority as stated by the annotator on page 871 of L.R.A. 1918F, 'incapacity, which is caused or aggravated by a second injury, received while the employee is suffering from another injury which he had received in his employment, is the result of the first injury, * * * and consequently compensation may be recovered therefor.' " It will be noted in the Utah case that the evidence was "without conflict to the effect that the second accident was a recurrence of the first injury." That is not the factual situation in the case at bar; hence, the rule enunciated in the Utah case is not applicable here. For that reason it is unnecessary to express an opinion as to whether the rule is, or is not, sound.

While the claimant was submitting his proof, appellants sought to examine him, as well as Doctor A. E. Miller (who testified in behalf of the claimant) concerning the first injury suffered by claimant (which had not been inquired into on direct examination), to which the Board sustained an objection on the ground it was improper cross-examination. After claimant rested, appellants called him, as well as Doctor A. E. Miller, and examined both at length concerning the first injury. Appellants insist the board committed error by refusing to allow them to cross-examine claimant and Doctor Miller in regard to the first injury.

■ Under the liberal practice that should be pursued by the Board it should have permitted cross-examination with regard to the claimant's previous condition. (*Wilson v. Standard Oil Company*, 47 Ida. 208, 273 Pac. 758; *Feuling v. Farmers' Co-Operative Ditch Company, et al.,* 54 Ida. 326, 31 P.(2d) 683; *Pierstorff v. Gray's Auto Shop, et al.,* 58 Ida. 438, 74 P.(2d) 171.)

■ However, no prejudice resulted from the refusal to permit such cross-examination in that appellants later, during the course of the trial, examined the witnesses at length with reference to that matter. *Colorado Mill. & Elev. Co. v. Proctor,* 58 Ida. 578, 585, 76 P.(2d) 438; *Lewis v. Utah Const. Co.,* 10 Ida. 214, 77 Pac. 336; *Morrow v. Matthew,* 10 Ida. 423, p. 430, 79 Pac. 196; see also *Radermacher v. Radermacher,* 59 Ida. 716, 723, 87 P.(2d) 461.) Nor does the mere showing of abstract error, if any, constitute prejudice. (*Williamson v. Wilson,* 55 Ida. 337, 341, 42 P.(2d) 290.)

■ Furthermore; error is never presumed on appeal, and appellants have the burden of showing error affirma-

tively. (*Baldwin v. Mittry*, 61 Ida. 427, 435, 102 P. (2d) 643; *Judy v. Reilly Atkinson & Co.*, 59 Ida. 752, 87 P. (2d) 451; *Donahoe v. Herrick*, 44 Ida. 560, 260 Pac. 150; *Hill v. Porter*, 38 Ida. 574, 223 Pac. 538.)

It follows from what has been said that the Order of the Board must be, and it is hereby affirmed, with costs to respondents, Idaho Falls Potato Growers Association, and State Insurance Fund only, Respondent Patrick not having filed a brief nor incurred any costs on this appeal.

Givens, C.J., Morgan and Ailshie, JJ., concur.

BUDGE, J., concurring and dissenting.—I concur with the majority opinion that under the liberal practice that should be pursued by the board its holdings were unduly restrictive. I am not prepared to agree with the statement in the majority opinion "no prejudice resulted in this case."

The pertinent question before the board was whether or not the second injury caused by an alleged accident sustained by claimant on October 9, 1941, was but a recurrence of the first injury sustained on December 5, 1939 and the proximate cause of the second injury. The board made no specific finding upon this point. The rule is well settled that:

"Where there have been two accidents to an employee, the question of whether the disability sustained by him should be attributed to the first accident or to the second accident depends on whether or not the disability sustained was caused by a reoccurrence of the original injury or by an independent cause." (Syllabus by court in *N. Y. Indemnity Co. v. Miller*, (Okla.) 22 P. (2d) 107.)

Where a person has a recurrence of a condition, the question of whether or not the employer at the time of the original injury or the employer at the time of the second injury is responsible for additional compensation becomes one of proximate cause, and if the condition was such that the proximate cause of the injury was the first accident, then the employer at the time of the first accident is liable for the additional compensation. If, in the instant case, the second injury was a recurrence of the first injury, claimant should have proceeded under the provisions of sec. 43-1407, I.C.A. The application of the above rule is illustrated in *Tippett & Bond, et al., v. Moore, et al.*, 31 P. (2d) 583, (Okl.), where the court said:

"* * where the resulting disability was attributable to two different accidents suffered by a claimant while working for two different employers, that it becomes the duty of the commission to determine the amount of disability attributable to each accidental injury and to apportion the employer's liability accordingly. The cause of the claimant's disability in this case presented to the commission a question of fact. * * * The finding of the Industrial Commission on questions of fact are binding and conclusive on this court if supported by an competent evidence."

The Industrial Accident Board is an administrative board; strict rules of evidence should not be invoked in their investigations but great liberality should be indulged to the end that all of the facts be disclosed. The board should likewise find upon all material facts. As was said in In re MacKenzie, 54 Ida. 481, 491, 33 P.(2d) 113, "But in this case the specific fact which is controlling was not found by the board. The board is a fact-finding body; it heard and saw the witnesses when they testified, and examined the premises, and it was and is its duty, when such can be done under the evidence, to make the *necessary specific findings of fact* which are controlling." (Italics ours.) (See also *Smith v. Mercy Hospital*, 60 Ida. 674, 679, 95 P.(2d) 580, and cases cited therein.) There was no finding made by the Board that the second injury was an independent accident and injury. The pertinent, controversial fact was entirely ignored by the Board's Findings of Fact. Appellant, Idaho Compensation Company, did not have a fair and impartial hearing due to the inadvertence of the board's rulings on admission and exclusion of testimony *and as heretofore stated made no specific finding on the pertinent question before it,* namely, was the second injury a recurrence of the first injury, or was it an independent accident and injury.

The cause should be remanded with instructions to the board to rehear the case, permitting appellant, Idaho Compensation Company, to cross-examine claimant and his witnesses fully upon the pertinent question herein above indicated, to receive further testimony upon this point if offered by either party, and to make a specific finding of fact and ruling of law upon the pertinent question involved.

No costs should be allowed.