642

■ VALERIE KATONA, an Infant, by MARION KATONA, Her Guardian ad Litem, et al., Appellants, v. VICTORIA JENNINGS, Respondent.

*Per Curiam.* Upon the record before us we are not certain upon what theory or theories of negligence the case was tried. Nor does the record disclose that either the court or counsel was entirely clear upon the issues. It has been suggested that there may be separate and distinct grounds of liability predicated upon the acts or omissions of the defendant both before and after the accident. However, we do not decide this question for the reason we believe a new trial is indicated.

The record discloses several errors in the admission of evidence, errors which cannot be overlooked. Although the status of the defendant before the accident as a licensee of the State under the Social Welfare Law is a proper subject of evidence, the presentation of facts with regard thereto after the accident had occurred was highly prejudicial, as were the remarks of defendant's counsel relative to this evidence. The reading at length of sections of the Social Welfare Law in the charge of the court was likewise not only unnecessary but prejudicial. Along this same line, the examination permitted the defendant's counsel of the infant plaintiff's mother with regard to the little girl's parentage was improper and should not, under the circumstances of this case, have been allowed, objected to or not. It follows that plaintiffs' objections thereto should have been sustained.

There was further error in refusing plaintiffs the privilege of objecting to either the questions or answers asked or elicited by their counsel upon the pretrial deposition of the defendant when the same were read into evidence by the defendant at the trial. It is clearly established that plaintiffs' counsel should have been allowed upon the trial to object to not only his own questions put to the adverse witness (the defendant) upon the examination before trial, but particularly to the wholly irrelevant and prejudicially self-serving answers volunteered by the witness. (Civ. Prac. Act, § 305; *Cudlip* v. *New York Evening Journal Pub. Co.,* 180 N. Y. 85; 5 Carmody-Wait on New York Practice, § 147, pp. 631–632. See, also, *Baker* v. *Green Bus Lines,* 35 N. Y. S. 2d 328.) Other errors appear in the record, but under our view of the case recitation thereof would be merely cumulative.

Because of the confusion of issues and grounds of alleged liability, as well as the errors mentioned above, we have not passed upon the merits of plaintiffs' cause or causes of action. We are, however, convinced that the plaintiffs are entitled to have their claims for damage considered by a jury uncluttered by immaterial and prejudicial evidence. We cannot overlook the fact that the primary party plaintiff is an infant of tender years who is in no position to protect herself.

In the interests of justice, the judgment appealed from should be reversed and a new trial granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

Judgment reversed on the law and facts, without costs of this appeal to any party, and a new trial granted.

■ TOWN OF PENFIELD, Respondent, v. WILBUR WACKEROW et al., Appellants.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe Equity Term for plaintiff in an injunction action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.