■ GLENN S. SCHECHTMAN, an Infant, by LOUIS SCHECHTMAN, His Guardian ad Litem, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In an action by an infant to recover damages for personal injuries and by his father to recover for medical expenses, defendant appeals from a judgment of the Supreme Court, Kings County, entered November 28, 1960 on a jury verdict in favor of plaintiffs. Judgment reversed, on the law and in the interests of justice, without costs, and new trial granted. Findings of fact implicit in the verdict are affirmed; a new trial would not be granted upon the questions of fact. The accident occurred in March, 1955 when the infant plaintiff was 6 years of age. The trial was held in November, 1960; a previous trial in November, 1959 had resulted in a jury disagreement. An examination of the plaintiff father, who was not a witness to the accident, by the New York City Comptroller, pursuant to section 93d–1.0 of the Administrative Code of the City of New York, was held in 1955. Under the cited section of the Administrative Code, that examination was not admissible in evidence at the behest of the plaintiffs. Nor was it admissible, pursuant to section 50-h of the General Municipal Law, subdivision 4 of which provides that "A transcript of the testimony taken at an examination pursuant to the provisions of this section may be read in evidence by either party". Section 50-h was not enacted until 1958 and the testimony was not taken at an examination pursuant to section 50-h. Over the objections of defendant, plaintiffs read into evidence portions of the examination of the plaintiff father before the Comptroller, including considerable hearsay. In our opinion, the admission of said matter into evidence was prejudicial error (cf. *Rothman* v. *City of New York,* 273 App. Div. 780; former Civ. Prac. Act, § 348). Even if pertinent portions thereof were admissible at plaintiffs' behest, the portions thereof which were patently hearsay were not admissible (former Civ. Prac. Act, § 305; *Cudlip* v. *New York Evening Journal Pub. Co.,* 180 N. Y. 85; *Katona* v. *Jennings,* 3 A D 2d 642). Plaintiffs' attorney read, to classmates

of the infant plaintiff, portions of their testimony at the previous trial, under the guise of refreshing their recollections. While considerable latitude should be allowed in the refreshing of the recollections of witnesses who were about 11 or 12 years of age at the time of the retrial and were about 5 or 6 years of age at the time of the accident, it is our view that plaintiffs' attorney went too far in the extent to which he read such matter to those witnesses (cf. Richardson, Evidence [9th ed.], § 487). It is also our view that, under the circumstances in which proof was adduced indicating an alleged repair after the accident, involving concessions and stipulations before such proof was adduced, the interests of justice required the granting of defendant's motion for a mistrial (cf. *Cahill* v. *Kleinberg*, 233 N. Y. 255, 260; *Bush* v. *Delaware L. & W. R. R. Co.*, 166 N. Y. 210, 216). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.