CHARLES VAN BERGEN, Appellant, *v.* SAM TISHMAN and CHARLES TISHMAN, Respondents.

Supreme Court, Appellate Term, First Department, May 8, 1924.

Witnesses — action by tenant against landlord to recover for loss of services of his wife by reason of injuries sustained because of defective condition of premises — error for trial judge to sustain objection to testimony of child after merely inquiring as to her age — evidence — conversation between one of defendants and third person with reference to condition of premises admissible — plaintiff entitled to read from examination of defendant taken before trial although defendant present in court.

In an action by a tenant to recover damages for loss of services of his wife by reason of injuries alleged to have been sustained by her because of the defective condition of the premises owned by defendants it was error for the court to sustain objection to the testimony of a child after merely inquiring as to her age and without ascertaining her mental capacity.

It was also error to refuse to admit testimony of plaintiff's wife as to a conversation between one of the defendants and a third person with reference to the condition of the premises.

Plaintiff's counsel was entitled to read from the record of the examination of the defendant taken before trial although the defendant was present in court.

APPEAL by plaintiff from a judgment based upon an order of the Municipal Court of the city of New York, borough of Manhattan, sixth district, dismissing the complaint.

*Owen E. Reilly,* for the appellant.

*William Butler,* for the respondents.

*Per Curiam.* The action was brought by the plaintiff to recover damages for loss of services of his wife by reason of injuries she claims to have suffered because of the defective condition of the premises owned by the defendants, and of which condition the defendants had actual notice and failed to repair. At the end of the plaintiff's case the complaint was dismissed for failure of proof, and from the judgment entered thereon this appeal is taken. The court below committed errors in three instances which are sufficiently prejudicial to require a reversal. Plaintiff called a child, his daughter, who, it was claimed, accompanied the wife on the day of the accident. When the witness was offered by plaintiff's counsel objection to the receipt of her testimony was made by the defendants' counsel whereupon the court inquired of the child its age, to which inquiry she answered " nine." Thereupon the court, without any further inquiry as to her mental capacity, sustained the objection made to her testimony. It was the duty of the presiding judge to ascertain whether the child called as a witness was, at the time of the hearing, of sufficient mental capacity to comprehend the obligations of an oath, and, if she was, to swear her as a witness and permit her to testify. Further, when the wife was asked if she overheard a conversation between one of the defendants and a third person with reference to the condition of the stairs, defendants' counsel objected to such testimony, and the objection was sustained. We think that was clearly erroneous, because notice of defect may be established by the admission of a defendant and the credibility of such testimony is a matter for disposition as a question of fact. The court also erred in denying to the plaintiff's counsel the right to read from the record of an examination of the defendants taken before trial as an adverse party. The court based the exclusion of such reading upon the ground that the witness was present in court and the plaintiff was obligated to call him in person. The plaintiff's counsel was not obliged to call the adverse party, though present in court, as his witness. He had the privilege, if so advised, to read any admission in his favor that might have been made by the adverse party in the examination before trial.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, Guy, Wagner and Wasservogel, JJ.,

**Judgment reversed.**