Wm. L. Schupp & Sons, Inc., Appellant, *v.* Reuben Barnett, Respondent.

Third Department, November 13, 1924.

Depositions — either party may read any or all of deposition under Civil Practice Act, § 303 — action to recover deficiency following sale of property under chattel mortgage — defense of fraudulent representations — reversible error to refuse to permit plaintiff to read part of deposition covering cross-examination of its witness in which terms of guaranty were stated.

Either party to an action may, under section 303 of the Civil Practice Act, read any or all of a deposition of a witness taken before trial and this includes the right of the plaintiff to read that part of the deposition covering the cross-examination of one of its witnesses.

Accordingly, in an action to recover the deficiency arising from the sale of property covered by a chattel mortgage in which the defendant interposed a counterclaim alleging that the sale was induced by fraudulent representations as to the quality of the property, it is reversible error for the court to refuse to permit the plaintiff to read that part of a deposition of one of its witnesses which

covers the cross-examination of the witness, where it appears that the witness in question, who was an officer of the plaintiff, sold the property for the plaintiff; and that there was no statement in the evidence as to the wording and language of the guaranty made on the sale, except that contained in the cross-examination.

APPEAL by the plaintiff, Wm. L. Schupp & Sons, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 26th day of October, 1923, upon the verdict of a jury.

The action was brought to recover a deficiency resulting from the foreclosure of a chattel mortgage covering an automobile truck sold by the plaintiff to the defendant. The defendant interposed a counterclaim alleging that the sale of the truck was induced by fraudulent representations made by the plaintiff with reference to the truck. A verdict was rendered in favor of the defendant upon the defendant's counterclaim.

*Henry J. Crawford*, for the appellant.

*Butler, Kilmer & Corbin* [*Harold H. Corbin* of counsel], for the respondent.

HINMAN, J.:

It is claimed that the trial court committed a reversible error in excluding the cross-examination of an officer of the plaintiff corporation contained in his deposition taken for use on the trial. This deposition was taken " under stipulation entered into between the attorneys for the respective parties so that the same may be read in evidence on the trial of this action." This officer of the plaintiff corporation whose testimony was so taken was the man who actually made the sale of the truck to the defendant. At the time of the trial this witness was ill and unable to attend the trial. The plaintiff read the direct testimony contained in his deposition. The defendant waived the right of reading the cross-examination. When plaintiff's attorney offered to read the cross-examination and requested permission to do so he was not allowed to read it, an objection having been made by the defendant's attorney. It was excluded upon the ground that it was the evidence of a party to the action rather than the evidence of a third person. The plaintiff took an exception to the exclusion of the evidence.

It is provided in the Civil Practice Act that the deposition of a witness may be taken upon the stipulation of the parties and that such deposition may be read in evidence where the witness is unable to attend by reason of sickness and that such a deposition may be read in evidence by either party. (Civ. Prac. Act, § 303.) There was no objection to the reading of the deposition in so far as the method of taking it was concerned. It is common practice

to permit a party to read such parts of a deposition as he may choose to read and his adversary may read the remainder if he cares to do so. No rule, statute or authority has been called to our attention which prohibits either party from reading the whole deposition if he cares to do so. Whatever he reads he is bound by as if he personally examined the witness in open court. If a party chooses to read the cross-examination of his own witness, there appears to be no good reason why he should not be permitted to do so. Any party to an action in a court of record may cause to be taken by deposition before trial his own testimony or that of any other person which is material and necessary in the prosecution or defense of the action. (Civ. Prac. Act, § 288.) No good reason is suggested why material testimony given on cross-examination should be suppressed simply because the examination was conducted by the adverse party who waives the reading of it himself and objects to the reading of it by his opponent.

It is suggested, however, that if any error was committed the error was immaterial since the testimony on cross-examination could not have affected the result in this case. The portion of the deposition which was excluded is not before the court as a part of the printed record but an extract from it is contained in the appellant's brief and the respondent acquiesces in the accuracy of the quotation. It is claimed by the appellant that the excluded testimony bore materially upon the false representations in the sale of the truck as charged by the defendant in his counterclaim, one of which representations so charged was that the truck was as good as a new one. In the excluded cross-examination it appears that the witness testified that he did not state to the defendant that the truck was as good as new but that he told the defendant that he would give the same guaranty that he gave on a new truck, the truck in question being a truck rebuilt by the plaintiff. The witness then proceeded to state what that guaranty was and what he told the defendant it was at the time of the sale. One of the defendant's own witnesses and a disinterested witness testified that the representation made by the plaintiff was that the truck was " practically as good as a new truck and ' we give the truck the same guarantee as a new truck.' " In no other portion of the testimony presented to the jury except in the cross-examination contained in the deposition was there a statement of the wording and language of the guaranty. The testimony, therefore, was material and relevant to the issue especially coming from the very witness who carried on the transaction for the plaintiff. Therefore, it cannot be said that the plaintiff was not prejudiced by failure of having this testimony placed before the jury.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.