HARRY ZELDMAN, Plaintiff, *v.* ELECTROLUX, INC., Defendant.

Municipal Court of New York, Borough of Queens, Third District, December 19, 1936.

*Morris Gress*, for the plaintiff.

*Hamilton Hicks*, for the defendant.

MORRIS, J. This is a motion to strike out defendant's answer because of the refusal of defendant's attorney to permit the superintendent of the payroll division of the defendant to sign his examination before trial in view of the fact that the attorney for the plaintiff objected to defendant's attorney at the conclusion of the examination to include in the deposition the cross-examination of the said superintendent.

The order for the examination was granted without any objection on the part of the defendant.

Section 288 of the Civil Practice Act, in so far as it relates to an examination before trial, where the examination is material and necessary in order to ascertain facts within the knowledge of a witness, in aid of applicant's cause of action, reads as follows: " Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action."

In the instant case the examination is sought in regard to matters which form a part of applicant's affirmative case and some of which are peculiarly within the knowledge of the adverse party.

The purpose of the said action is to permit the party seeking the information to examine his adversary for the purposes above stated, and certainly no right is given such adverse party to have himself cross-examined by his own attorney. The scope of the examination is limited strictly to testimony the applicant seeks and which the court determines is material and necessary to a determination of the issues. Such an examination before trial in the court's opinion is not governed by the same procedure as is followed where it is intended to perpetuate testimony when certain special circumstances exist that render it improbable that such person will be present to testify at the trial or where an examination of a witness who is not a party is sought.

Such an examination before trial is not for the benefit of both sides, each being permitted to read the deposition on the trial, but on the contrary, for the benefit of the applicant only, and it is the applicant only who may be permitted to read the deposition on the trial. The applicant, if he sees fit, may not use the examination on the trial, and the party examined may not offer it if the applicant objects. There is, therefore, no logical reason for the cross-examination which the defendant seeks.

The answer could be stricken out because of the refusal of the defendant to have testimony taken on an examination before trial

signed by the superintendent of the defendant. (*Colonial Beacon Oil Co.* v. *Taranto, Inc.,* 143 Misc. 425.)

The attitude of the defendant as explained on the argument of the motion was not for the purpose of suppressing testimony, but because it was contended that the nature and character of some of the questions asked, the answer to which might be subject to an unfair inference and thereby prejudice the defendant. This argument is not sound, as defendant may protect its interests either by a proper objection at the time of the examination as to the form of the question, or by a proper objection on the trial.

The motion to strike out defendant's answer is granted unless the defendant have the testimony taken before trial signed by its superintendent.

Submit order on notice fixing time and place for the signing of such testimony.