RELIABLE TEXTILE CO., INC., Plaintiff, *v.* ELK DYE WORKS, INC., and PYRAMID MOTOR FREIGHT CORP., Defendants.

Supreme Court, Special Term, New York County, December 7, 1941.

*Alfred Lyons*, for the plaintiff.

*John L. Fletcher*, for the Elk Dye Works, Inc.

*Norman S. Rein*, for the Pyramid Motor Freight Corp.

COLLINS, J. Opposing the plaintiff's motion to strike out the answer of defendant Elk Dye Works, Inc., because of the refusal of defendant's treasurer to subscribe his examination before trial,

the defendant advances the novel objection that it was denied an opportunity to cross-examine the deposing party. The plaintiff's thesis is that since the testimony adduced is "material in the proof of only the plaintiff's affirmative case, * * * cross-questioning is not permitted by the attorney for" the examined defendant. The latter, on the other hand, while not challenging the accuracy of the transcription, insists that it must cross-examine the treasurer "to straighten out the record and prevent the testimony from leaving a false and untrue impression of the facts, which it at present leaves with any one who reads it."

There is thus posed the interesting question whether during the course of an examination before trial, the interrogated party is subject to cross-examination by his own counsel.

Oddly enough, search of counsel yields but one reported precedent. This barrenness is probably due to the general practice on examinations. In practice, when the adverse party wishes to interpose a question to clarify the testimony, and the examining party objects, a ruling is usually sought from the justice presiding in Special Term, Part II. Or the witness notes his qualifications, explanation, addendum or clarification at the foot of the testimony adduced by the examiner. Or the examined party is content to wait until the trial to take the stand in refutation or explanation. So, in practice, the problem seldom attains the point or assumes the form here projected.

Of primary importance is a lucid perception of the nature of the examination. The process is the taking of a *deposition* pursuant to section 288 of the Civil Practice Act. "A deposition * * * has the same effect * * * as the oral testimony of the witness would have * * *." (Civ. Prac. Act, § 305.) The procedure is not *ex parte*. Theoretically at least, the examining party makes the interrogated party his own witness. A deposition is not a mere statement obtained *ex parte*. It is in the nature of an examination of a witness. The circumstance that the witness is the adverse party does not change the character of the process or the effect of the examination. The examination is not a roving one, limitless or unchecked. The adverse party is entitled to be present, and to object if the examination treads on forbidden ground or roams beyond the confines of the notice or order. The person taking the testimony "must take down or cause to be taken down every question and answer unless the parties consent or an order directs that only the substance of the testimony be inserted." (Civ. Prac. Act, § 302.) The situation is akin to examining a party or witness under an open commission. Surely in such case the right to cross-examine exists.

Were the examination held out of the State, would not the adverse party have the right to cross-examine? Let us say that the deposition is that of the party taking it — as is authorized by section 288 of the Civil Practice Act — would the adverse party be denied the right to cross-examine? The plaintiff's contention, if pressed to its logical terminus, would mean that a party could examine a witness on written interrogatories without the right to the adversary to propound cross-interrogatories. I perceive no difference in the process and effect between examining a party before trial and on the trial. If cross-examination is permissible on the trial, it is permissible in advance of trial. An examination, no matter when conducted, which excludes cross-examination is abortive. A completed deposition presupposes opportunity of cross-examination. The right to cross-examine is inherent. Otherwise, the right of confrontation might be denied and the opportunity to cross-examine might forever be lost. Were the party to die or absent himself from the State, or otherwise remain inaccessible, grave injustice might result. The truth should not be suppressed or thwarted whether sought on the trial or on an examination before trial. The quest must go on unhampered.

The plaintiff would not be compelled to read the cross-examination which the defendant conducted, or even the direct examination in its entirety. (*Schupp & Sons, Inc.*, v. *Barnett*, 210 App. Div. 546; *Nixon* v. *Beacon Transp. Corp.*, 239 id. 830.) And the defendant may read such portions as it deems supports its defense. (*National Fire Insurance Co.* v. *Shearman*, 223 App. Div. 127.)

The only apposite reported case is *Zeldman* v. *Electrolux, Inc.* (161 Misc. 849), which expresses views at variance with those here announced. The rationale of that case does not accord with my conception of the nature and purpose of a deposition. It draws distinctions beyond the purview of section 288 of the Civil Practice Act. The opinion of the court there that " Such an examination before trial is not for the benefit of both sides, each being permitted to read the deposition on the trial, but on the contrary, for the benefit of the applicant only, and it is the applicant only who may be permitted to read the deposition on the trial," runs counter to section 288 and is in direct opposition to the rulings of the Appellate Division of this department above noted. I do not choose to follow the *Zeldman* case.

Consequently, the plaintiff's motion to strike out the answer must be, and it is, denied. Let the examination proceed in accordance with this opinion.