THOMAS MURPHY, Respondent, v. STEPHEN CASELLA, Appellant.— In an action by plaintiff to recover damages against defendant for alleged breach of contract, and for fraud based upon facts arising out of the same transaction, the defendant made out a *prima facie* case on his counterclaim for breach of a contract to form a corporation and it was error to dismiss the counterclaim. The alleged agreement on the part of the plaintiff to advance the corporation a sum of money and to devote his services to supervising certain alterations necessary for the actual functioning of the corporation created a personal liability between plaintiff and defendant which survived the formation of the corporation and for the breach of

which defendant could sue plaintiff for damages sustained in the depreciation or loss of his investment in the corporation. (*Higgins* v. *Applebaum*, 186 App. Div. 682.) If plaintiff's deposition was offered in evidence as substantive proof of defendant's defense or counterclaim, it was error to reject the offer on the ground that plaintiff was present in the courtroom, since the offer constituted an offer to read the deposition in evidence and the limitations of section 304 of the Civil Practice Act do not apply to a party to the action. (*Percy* v. *Huyck*, 226 App. Div. 142; *National Fire Insurance Co.* v. *Shearman*, 223 id. 127.) If it was intended to use the deposition for the purpose of impeachment only, it was error for the court to relegate defendant to an examination of the plaintiff as to statements contained in the deposition considered as orally made. The defendant was entitled to offer in evidence the deposition or such material and competent parts thereof as contradicted the material testimony of the plaintiff without examining the plaintiff with regard thereto or laying the foundation necessary to prove prior inconsistent oral statements. Inasmuch as there is to be a new trial, we call attention to the fact that the court failed to instruct the jury on the law pertinent to the plaintiff's cause of action based on fraud. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.