WILLIAM DWORKOW, Plaintiff, *v.* EMANUEL BACHRACK et al., Individually and as Copartners Doing Business as HILL ENTERPRISES, Defendants.

Supreme Court, Special Term, Kings County, November 12, 1948.

*Benjamin Adler* for defendants.

*S. Paul Fishman* for plaintiff.

WALSH, J. Defendant moves for an order directing that the examination before trial of the defendant Emanuel Bachrack be continued for the purpose of subjecting him to " cross-examination " in respect to matters concerning which he has been examined by plaintiff.

An order has been heretofore made permitting the plaintiff to examine the said defendant before trial. The examination was had and when it came to a conclusion the attorneys appeared in Special Term, Part II, on August 23, 1948, to have the court pass on certain objections and to rule as to whether said defendant should then and there sign the deposition or whether he should have an opportunity to read it, make corrections and changes, and then sign it. The oral ruling of the court was substantially incorporated in a stipulation which stated the " Court ruled that counsel for defendant was entitled to copy of transcript of examination and entitled to confer with defendant thereon and privileged to make corrections and additions thereto at the end of examination ". The stipulation further provided that defendant would return the examination on August 25, 1948, and also

stated " it is understood that any further rights that defendant may have with respect to examination is reserved ".

Said defendant now contends that in view of the length of the examination it is not possible to amplify, qualify or amend his responses at the foot of the examination and hence makes this motion to continue the examination so that his attorney may " cross-examine " said defendant.

The question presented is whether a party in an examination before trial may be cross-examined by his own attorney. This involves a construction of section 288 and the other sections of article 29 of the Civil Practice Act that may be pertinent. Section 288 states: " Any party to an action  *  *  *  may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action.  *  *  * " Defendant has not sought and is not seeking to take " his own testimony ", which would be admissible at the trial only if said defendant were dead, or out of the State, etc., as provided in section 304. In plaintiff's examination of the defendant, the defendant wishes to be " cross-examined " by his own attorney. Of course, if it were allowed it should be assumed that such cross-examination would be limited to the matters brought out on the examination by the plaintiff and defendant should not be treated by his own attorney as an adverse party or witness. Leading questions, for instance, should not be permitted. However, the result might be a serious disadvantage to the plaintiff. If the plaintiff did not obtain evidence of any material and necessary facts from the defendant, the defendant on such cross-examination might elicit testimony helpful to him which would be in the nature of self-serving declarations. Then, upon the trial, if the plaintiff did not use the deposition at all, defendant may introduce it (and if defendant did not take the stand he would not be subject to cross-examination), depending upon which of the conflicting cases the trial judge would follow. (*Masciarelli* v. *Delaware & Hudson R. R. Co.*, 178 Misc. 458; contra *Baker* v. *Green Bus Lines*, 35 N. Y. S. 2d 328; see, also, *Reliable Textile Co., Inc.*, v. *Elk Dye Works, Inc.*, 177 Misc. 926; *Zeldman* v. *Electrolux, Inc.*, 161 Misc. 849.) The court feels that such cross-examination was not intended by the Legislature.

An examination of a witness before trial, except for special circumstances, is granted because of the possibility and probability that the witness will not be available for the trial. Under section 304 a deposition of a witness shall not be read in evidence " unless it appears to the satisfaction of the court that the

deponent ", party or witness is dead or out of the State, etc., except the deposition " of a party taken at the instance of an adverse party or a deposition taken in pursuance of a stipulation ". Logically, of course, the testimony which is perpetuated and will be used because of the absence of a witness should be subjected to cross-examination. If a party will not be available and wishes to perpetuate his testimony by an examination of himself, he may do so under section 288, but again, such a deposition may not be read in evidence if he is available for the trial, and on such deposition he should be subjected to cross-examination.

May the court construe the section to mean that there may not be cross-examination of a party whose testimony may be read even though he is in the courtroom but there may be cross-examination of a witness or party obtained upon the representation that he will not be present at the trial and which may not be read if he is available?

There are two cases on the subject: *Reliable Textile Co., Inc.,* v. *Elk Dye Works, Inc.* (*supra*) and *Zeldman* v. *Electrolux, Inc.* (*supra*). In the first case, *Reliable* v. *Elk* (*supra*) which considered the second case, the distinction between a party and a witness does not seem to be completely observed. The Justice said (p. 927): " It is in the nature of an examination of a witness. The circumstance that the witness is the adverse party does not change the character of the process or the effect of the examination. * * * The situation is akin to examining a party or witness upon an open commission. Surely in such case the right to cross-examine exists." The court further refers to examinations held out of the State on interrogatories and cross-interrogatories, in all of which cross-examination should be allowed as herein indicated.

However, this court believes that there is a distinction between the examination of a party by an adverse party and, on the other hand, the examination of a party by himself to perpetuate his own testimony and the examination of a witness. The party being examined is not at the mercy of the other party because before he " signs and subscribes his testimony he may add to the foot thereof a statement ·that certain of his answers (indicating the answers to which he refers) are incorrect, giving the reason therefor: either that it is an incorrect transcript or that his present recollection of the facts is more accurate, and he may then state what his corrected answer is and give any other explanation he desires with respect to his prior answer. After adding such a statement he must sign and subscribe his testi-

mony. \* \* \* This procedure gives to the plaintiff every practical benefit that would accrue to him by a literal following of the practice indicated in *Van Son* v. *Herbst* (215 App. Div. 563), which concerned a case where a witness was denied an opportunity to in any form make corrections to the transcript of his testimony when he was called upon to sign it." (*Columbia* v. *Lee,* 239 App. Div. 849, 850.)

The motion to continue the examination before trial for the purpose of permitting the defendant to have himself cross-examined by his own attorney is denied.