LOLA M. GOTTFRIED, Individually and as Trustee, et al., as Stockholders on Behalf of Themselves and All Other Stockholders of GOTTFRIED BAKING Co., INC., Plaintiffs, *v.* BENJAMIN GOTTFRIED et al., Defendants.

Supreme Court, Special Term, New York County, January 24, 1950.

*Allan R. Campbell* and *Herbert Plaut* for defendants.

*Leo J. Rosett* and *Leonard Hemley* for plaintiffs.

WALTER, J. Defendants examined by plaintiffs as adverse parties before trial move to suppress their depositions because their request for cross-examination by their own counsel was denied. The denial was by an Official Referee presiding at Special Term, Part II, and a preliminary objection is made that defendants cannot complain of a ruling they themselves invoked, and, also, that they cannot ask a co-ordinate branch of the court to reverse the Referee.

I think that untenable. 1. Defendants asked for a ruling and their counsel acquiesced in the Referee's intimation that *American Worcestershire Sauce Co.* v. *Armour & Co.* (194 Misc. 745) holding that there is no right to cross-examine, was controlling upon the Referee, but they made known their desire to cross-examine; and by no means can it be said that they led the Referee into error so as to bring themelves within the rule that a party cannot complain of an error which he has induced. 2. The rule against review of a co-ordinate branch of the court is general and salutary, but not inflexible. Here, it would not have been permissible to enter an order on the Referee's ruling and appeal from that order (*Oppenheimer* v. *Duophoto Corp.*, 271 App. Div. 1005), and unless this motion can now be entertained upon its merits, it would seem that the question whether there is a right to cross-examine upon an examination before trial never can get to the Appellate Division — or at least cannot get there except by some very cumbersome and circuitous procedure of getting it up as an incident of

an appeal from a final judgment. In fact it is at least possible that defendants might be held to have waived the question if they did not make some such motion as this in advance of trial. (See *Sturm* v. *Atlantic Mut. Ins. Co.*, 63 N. Y. 77, 87.)

Whether or not upon an examination of an adverse party before trial the party examined has a right to be cross-examined by his own counsel is a question upon which there are conflicting views at Special Term and upon which there appears to be no decision by any appellate court.

When the examined party reads over his examination, preparatory to signing it, he of course has the right to correct incorrect reporting on the part of whoever took down or transcribed the examination, and also the right to correct something which he has inadvertently uttered and of his own volition desires to correct. The Referee so held in this case, and see *Van Son* v. *Herbst* (215 App. Div. 563); *Columbia* v. *Lee* (239 App. Div. 849), and *Mansbach* v. *Klausner* (179 Misc. 952).

Those, however, are not the things with which this motion is concerned. What is here claimed and asserted as a right is a general cross-examination, limited, of course, to matters which have been touched upon upon the direct examination, but still a cross-examination as broad and extensive as would be allowed if the examination of the party before trial had been the direct examination of such party as a witness upon the trial.

In *Fitzpatrick* v. *Honnell* (142 Misc. 101) Mr. Justice TAYLOR held that there is such right of cross-examination, or at least that the examination cannot be read upon the trial unless opportunity to cross-examine has been afforded.

In *Zeldman* v. *Electrolux, Inc.* (161 Misc. 849) Municipal Court Justice MORRIS, holding that cross-examination was not permissible, stated that section 288 of the Civil Practice Act does not provide for cross-examination, reasoned that an examination before trial is for the benefit only of the party who takes it, and stated that if the party who takes it does not use it upon the trial, the examined party may not use it. That last statement was itself erroneous (Civ. Prac. Act, § 303; *Matter of Green*, 155 Misc. 641, 650, affd. 246 App. Div. 583; *Masciarelli* v. *Delaware & Hudson R. R. Co.*, 178 Misc. 458).

In *Reliable Textile Co.* v. *Elk Dye Works* (177 Misc. 926) Mr. Justice (now Surrogate) COLLINS, holding that cross-examination is permissible, reasoned that an examination of a party before trial is the taking of a deposition for use at the trial and hence is in the nature of an examination of a witness and akin to examining a party or witness under an open commis-

sion. He referred to *Zeldman* v. *Electrolux, Inc.* (*supra*) pointed out the error of its reasoning, and refused to follow it.

In *Dworkow* v. *Bachrack* (193 Misc. 521) Mr. Justice WALSH, holding that cross-examination is not permissible, reasoned that cross-examination might elicit testimony in the nature of self-serving declarations which the party cross-examined might read at the trial and thereby get his case in without taking the stand and thus escaping cross-examination by the plaintiff. He also compared and drew distinctions between examinations of parties before trial and perpetuation of one's own testimony, which are not at all clear to me as to either their meaning or bearing.

In *American Worcestershire Sauce Co.* v. *Armour & Co.* (194 Misc. 745, *supra*) Mr. Justice HECHT, holding that cross-examination is not allowable, reasoned that the purpose of an examination of an adverse party before trial is to furnish information to the moving party, and is distinguishable from an examination for the purpose of perpetuating testimony of a party in his own behalf, or the examination of a witness; that in those situations possible unavailability at the trial is the motivating factor for the examination and the complete story must be obtained for the trial and cross-examination there must be allowed; but that if a party examined by his adversary before trial desires to elicit information additional to that brought out by the party who procured the examination, or to give a version of the whole transaction from his own standpoint, such testimony should be sought upon his own application.

In *Baum* v. *Overseas Trading Corp.* (N. Y. L. J., April 8, 1949, page 1271, col. 4) Mr. Justice EDER expressed his agreement with the ruling of Mr. Justice HECHT, without stating any comment or reasoning of his own.

In *Freisinger* v. *Reibach* (254 App. Div. 575) the Appellate Division, Second Department, upheld the right of a defendant to cross-examine a codefendant who was being examined by plaintiff; but as that involves different considerations I merely lay that case aside as not pertinent to the question before me.

Likewise, *Parello* v. *Remuzzi* (80 N. Y. S. 2d 600) seems to me to be wholly inapplicable.

I must choose, therefore, between conflicting views of different colleagues, and I am bound to say that the view of Mr. Justice TAYLOR and Mr. Justice (now Surrogate) COLLINS, rather than the view of Mr. Justice HECHT and Mr. Justice WALSH, seems to me to be correct.

An examination of an adverse party before trial is *not* for the purpose of furnishing information, or at least is not merely

for that purpose. It is had for the purpose of obtaining, and it results in obtaining, evidence which can be read as evidence upon the trial; and if properly taken it can be read in whole or in part by the party who took it, regardless of whether the examined party is or is not present at the trial and even though he be dead or otherwise unavailable (*Schupp & Sons Inc.* v. *Barnett,* 210 App. Div. 546; *National Fire Ins. Co.* v. *Shearman,* 223 App. Div. 127; *Tieman* v. *Davies, Turner & Co.,* 261 App. Div. 376; *General Ceramics Co.* v. *Schenley Products Co.,* 262 App. Div. 528; *Murphy* v. *Casella,* 263 App. Div. 1001, 1002). Such an examination thus results in a perpetuation of the testimony of the examined party, and I see no basis for the distinction taken by Mr. Justice HECHT between such an examination and an examination of anyone taken for the express purpose of perpetuating his testimony, where Mr. Justice HECHT himself expressly concedes, the complete story must be obtained and cross-examination allowed.

Where a witness (party or nonparty) gives testimony upon a trial upon direct examination by one party, all other parties are entitled to cross-examine him, and that rule is so stringent that if for any reason cross-examination becomes impossible, his testimony on direct examination must be stricken out (*People* v. *Cole,* 43 N. Y. 508; *Morley* v. *Castor,* 63 App. Div. 38; *Gallagher* v. *Gallagher,* 92 App. Div. 138; *Matter of Mezger,* 154 Misc. 633). When the examination of a party before trial is read upon a trial, that party gives testimony upon the trial and the situation is exactly the same as if the party who took the examination had examined him in chief upon the trial, and I thus think the rule of the cases just cited requires that the party so examined be allowed to be cross-examined by his own counsel. In fact, the situation of an examination of an adverse party before trial calls even more loudly for application of the rule of those cases, because a party examining an adverse party before trial is accorded greater latitude than ordinarily is accorded to counsel examining a witness upon a trial, in that for the very reason that he is examining an adverse party he frequently is permitted to put leading questions, questions calling for conclusions, and questions, which severely limit the scope of the answers. Cross-examination of a party examined before trial thus seems to me even more essential from the standpoint of justice than cross-examination of an ordinary witness; and that, as the cases just cited show, long has been and still is regarded as a right.

Another established rule is that testimony given in one action or proceeding cannot be used in another action or proceeding against one who had no opportunity to cross-examine the testifier in the first action or proceeding (*Matter of Lynch,* 227 App. Div. 477; *Matter of Capshaw,* 258 App. Div. 470, 486; *Turner v. Sunshine Taxi Corp.,* 269 App. Div. 997). It seems to me necessarily to follow that an examination of a party before trial cannot be used against him at the trial unless he has been afforded opportunity to be cross-examined by his own counsel. And that seems to me to mean that examinations before trial will become useless unless such cross-examination is allowed.

Furthermore, in every case there is the danger that the party examined may die before the trial or for some other reason be unavailable at the trial, and unless cross-examination of him is allowed upon the examination before trial there always is the danger that there will be upon the trial the same absence of the complete story which Mr. Justice HECHT concedes makes cross-examination necessary upon an examination for the purpose of perpetuating the testimony of ·a witness.

In short, an examination of an adverse party before trial is a perpetuation of the testimony of that party, and it should be perpetuated in its entirety.

I think Mr. Justice WALSH is inaccurate in saying that cross-examination might elicit testimony in the nature of self-serving declarations. Cross-examination of course tends to and is designed to bring out testimony desired by the cross-examiner, but it is still testimony and not self-serving declarations; and if the cross-examination be limited, as of course it can and should be, to matters brought out upon the examination conducted by the party who obtained the examination before trial, the danger envisioned by Mr. Justice WALSH cannot exist. Furthermore, that danger is effectually avoided, it seems to me, by the fact that the rule, as I understand it, is that when upon the trial the plaintiff reads only selected parts of defendant's examination before trial, the defendant may read, upon plaintiff's case, only such additional parts as are necessary to prevent the parts read by plaintiff from giving a false impression, and may read the other parts only upon his own case.

The suggestion thrown out in some of the cases, that to achieve the results sought by cross-examination the examined party should move to take his own testimony, seems to me of no weight whatever. We are overburdened with motions for examinations before trial now, and I think nothing is to be gained and much to be lost by requiring that whenever plaintiff moves

to examine defendant, defendant must cross move to take his own testimony. That seems to me utterly useless duplication of practice motions.

The other suggestion, that cross-examination should not be allowed because an examination before trial is for the purpose of proving the applicant's case, never had any weight in my opinion because no case ever is properly proved by examination by one party only — the only proper proof being that which emerges after complete examination and cross-examination. But if that suggestion ever had any weight it seems now to be destroyed by the fact that examinations now are not so rigidly limited (*Dorros, Inc.* v. *Dorros Bros.*, 274 App. Div. 11).

A final consideration, sufficient in itself, I think, to require adoption of the rule of permitting cross-examination upon the examination before trial, is that the differences between examination by one's adversary and examination by one's own counsel frequently are so great that if the former only be permitted upon the examination before trial and the latter must be had for the first time upon·the trial, astute counsel frequently will be able to get the jury to think that what is said upon the trial under examination by the examined party's own counsel is a new story manufactured for the trial. If juries were well versed in the techniques of trials and the mysteries of direct and cross-examination, and if they knew that it was legally impossible for the examined party to be examined by his own counsel prior to the trial, this might not be a serious matter, but as we know that jurors are not so versed, it seems to me that there is positive injustice in not permitting cross-examination upon the examination before trial.

I hold, therefore, that upon an examination of a party before trial the examined party is entitled to be cross-examined by his own counsel with respect to all subjects as to which the applicant for the examination has examined him; and that the refusal of the right of cross-examination in this case was erroneous.

But while I so hold, it does not seem to me that it follows that the depositions as taken should be suppressed. The depositions themselves are not before the court. It is fairly inferable that they are rather extensive. Perhaps the course of the examination has been such that cross-examination is not really of great practical importance, and perhaps the examined parties will be available upon the trial. The error of refusing cross-examination thus may be entirely harmless (this being a case triable without a jury) unless and until the depositions are

read upon the trial, and even then it may be harmless unless for some reason the parties examined are not available upon the trial. If not available I assume the trial court will not permit the depositions to be read. If available, they can take the stand and be examined by their own counsel as fully and completely as if he had been permitted to cross-examine at the conclusion of the examination conducted by plaintiffs' counsel; and if that should happen no harm will have been done, whereas suppression of the depositions now might needlessly prolong the trial by making it necessary to conduct the examination *de novo* upon the trial instead of reading what already has been taken down.

It was of course right and proper for defendants to raise the question by motion to suppress in advance of the trial (see *Sturm* v. *Atlantic Mut. Ins. Co.*, 63 N. Y. 77, 87, *supra*), but having properly preserved their rights by making the motion I think that for the reason just stated the motion to suppress should be and it is denied.