-Lours L. Fb-iebmax, J.
In an action for a declaratory judgment* defendant Deutsch moves to vacate plaintiff’s notice to examine her -before trial on the ground that the testimony sought is not material or necessary -for the plaintiff and on the further ground that said defendant has already submitted to an examination before trial covering the same material
On December 6, 1954, defendant Deutsch* while a passenger in the car of the defendant Sebastian, allegedly sustained injuries by reason of the alleged negligent operation of the vehicle by defendant Malver. In an action by defendant Deutsch against these defendants* an answer was interposed in their behalf by the attorneys for plaintiff insurance company-, alleging therein as a special defense that Deutsch was an employee of defendant Sebastian. In that action* an examination before trial of Deutsch was conducted concerning, among other things, her status and obligations with respect to the defendant Sebastian and others. At or about the time of the examination the plaintiff insurance company commenced this action for a declaratory judgment to determine the rights and liabilities of all of the parties with respect to the policy of automobile insurance issued by plaintiff to the defendant Sebastian. Plaintiff’s policy of insurance cóñtairLs certain exclusions aiid it is plaintiff’s contention that thereunder the policy does nOt afford coverage for injuries sustained by an employee of the insured while engaged in the insured’s employment. It is plaintiff’s further contention that Deutsch was defendant Sebastian’s employee and accordingly the policy of insurance does not cover her claim.
Under section 803 of the Civil Practice Act* an examination befóte trial may be read in ev-ideiice ‘ ‘ in the action in or for which it is taken” or if taken after the C'onTmencement of an action it may he read in evidence <e ih ail ti'ctiüñ, if any, thereafter brought between the same parties, of between any parties claiming tindef them or either of them ill an individual or representative capacity* involving the satire subject matteiV’ *987 The reading of the examination before trial taken in and for the negligence action would accordingly not be proper in this action, since it was not taken in or for this action nor is it to be utilized in an action “ thereafter broug'ht between the same parties, or between any parties claiming under them or either of them ’ ’.
The function of an examination before trial of an adverse party is not limited to the mere admissions he may make. It is a substitute for his physical appearance on the trial and has exactly the same effect as proof of any fact within his knowledge as his oral testimony would have (Civ. Prac. Act, § 305; Grade Square Realty Gorp. v. Choice Realty Corp., 305 N. Y. 271, 278). In fact, plaintiff may be enabled to prosecute its cause of action at the trial by the mere use of the deposition. Plaintiff should, therefore, not be denied the opportunity to obtain such testimony which could be read into evidence if the conditions described by applicable statutes are satisfied (Wennerholm v. Thiberg, 206 Misc. 755).
Accordingly, the motion to vacate plaintiff’s notice to examine defendant Deutsch as an adverse party is denied, since each of the items is material and necessary for the plaintiff in the prosecution of this action. The three sets of minutes submitted with the motion papers are to be returned by the clerk of the court to the respective attorneys entitled thereto in exchange for their receipt, which receipts are to be attached to these motion papers and filed therewith.
Settle order on notice.