Mn/coisr M. Wecht, J.
Plaintiff tried this action for negligence against the defendant owner of a truck and the defendant Morgan, the driver.
After plaintiff rested, defendants produced no witnesses, but attempted to read the defendant Morgan’s testimony, taken by the plaintiff at an examination before trial. Plaintiff objected to the reading of this testimony on several grounds: (1) that since the plaintiff took the examination before trial but used no part of it as part of his evidence, the defendant should not now be permitted to use it; (2) that defendant Morgan was not produced and should be produced to testify; (3) that the failure to produce said Morgan would deprive the plaintiff of his right of cross-examination. The court overruled these objections and permitted the defendant to read from the examination before trial the relevant and pertinent questions and answers.
The jury found for the defendants and plaintiff now moves to set aside the verdict on the ground that the court erred in its rulings with reference to the examination before trial and that the verdict was against the weight of the credible evidence.
Let us consider first, the alleged error with reference to the examination before trial. The pertinent statutes applicable are section 288 of the Civil Practice Act, which reads: “Any party to an action * * * may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action. ’ ’ and section 303, reading: “ A deposition may be read in evidence by either party, in the action in and for which it is taken, at the trial thereof * * * may be read in evidence * * * against the party who * * * caused the testimony to be taken” (emphasis supplied). When these sections were adopted in the revision of the Code of Civil Procedure, the intent and purpose of the Civil Practice Act was to simplify the practice and to abolish the innumerable technical requirements. This new legislation is remedial and should be liberally construed in furtherance of justice and to effectuate its provisions (Brand v. Butts, 242 App. Div. 149).
The foregoing would amply support the court’s ruling, but let us refer to the cases cited by the plaintiff in support of this motion and consider separately each of the objections. First, that since plaintiff used no part of the examination before trial of the defendant, the defendant cannot use it. In Baker v. Green *921 Bus Lines (35 N. Y. S. 2d 328) the attorney for the defendants offered in evidence in its entirety the deposition of the bus driver, one of the defendants and a party in the action. The court properly sustained the objection by plaintiff on the ground that it would deprive the plaintiff of his right to object to questions, but, with respect to the examination the court held: ‘ ‘ the correct rule is: if the party who has taken the deposition or examination of an adverse party does not use the examination for any purpose during the trial, the party examined may not use such deposition or examination against the party who has conducted the examination” (p. 334). There is nothing in the afore-mentioned sections sustaining this, nor is there anything in the two cases cited as authority for this rule (National Fire Ins. Co. v. Shearman, 223 App. Div. 127 and Schupp & Sons v. Barnett, 210 App. Div. 546) to support such opinion. As a matter of fact, these cases reaffirm the provisions of section 303 of the Civil Practice Act which gives either party the right to read a part or all of the deposition taken before trial. Another case cited by the plaintiff, Schimmel v. Spigal (4 Misc 2d 406) reiterates the rule laid down in the Baker case {supra) but without referring to it, and again there is cited no rule, statute or authority which prohibits either party from reading the whole deposition if he cares to do so. The case of Kaufman v. Abramson (248 App. Div. 628) does not help because the court did not rule on this question, but instead stated that the defendant was not prejudiced since the court gave the defendant the right to appear and testify. The other cases cited by plaintiff, Wanamaker v. Megraw (168 N. Y. 125), Cudlip v. New York Evening Journal Pub. Co. (180 N. Y. 85) and Kramer v. Kramer (80 App. Div. 20) had nothing whatever to do with the primary issue, but referred only to objections regarding incompetent questions. The courts held that questions which are relevant and pertinent must be allowed at the examination before trial, but may be objected to at the time of trial, even if they were his own questions (Matter of Van. Ness, 78 Misc. 592; Katona v. Jennings, 3 A D 2d 642), at which time, also, the court will pass upon their competency or admissibility (Guenther v. Ridgway Co., 159 App. Div. 74).
Now, with respect to the second objection, the failure to produce the defendant at the trial. Of course, this may deprive the jurors of seeing and hearing the defendant, and judging his veracity from his answers and his demeanor. However, again, there is no requirement within the provisions of the sections, compelling the party examined to testify at the time of trial, and the courts have consistently denied such *922 necessity even when the party was present in court (Murphy v. Casella, 263 App. Div. 1001; Shapiro Bros. Factors v. Moskowitz, 33 N. Y. S. 2d 67). In Vicherek v. Papenek (281 App. Div. 498) the court even went so far as to say, with respect to the examination before trial, that “ It is indeed a substitute for the physical appearance of the witness [party in this case] on the trial and has exactly the same effect as proof of any fact within his knowledge or observation as his oral testimony would have (Civ. Prac. Act, § 305).” The Supreme Court of New Hampshire in Taylor v. Thomas (77 N. H. 410) also held similarly when it ruled “ the appearance of the witness when testifying — is not essential to the admissibility of his testimony [taken by deposition] ” (p. 414). There is, however, a distinction (General Ceramics Co. v. Schenley Prods. Co., 262 App. Div. 528; National Fire Ins. Co. v. Shearman, supra) between reading from the deposition of a witness who is present at the trial and a party who is present (Matter of Green, 155 Misc. 641, affd. 246 App. Div. 583). In the latter, it is allowed (Van Bergen v. Tishman, 123 Misc. 169; Goell v. United States Life Ins. Co., 265 App. Div. 735). In the former it is not allowed, (Nixon v. Beacon Transp. Corp., 239 App. Div. 830), confirming the distinction between sections 303 and 304.
We come now to the last objection of plaintiff, that the failure to produce the defendant in court would deprive him of his right of cross-examination. There appears to exist considerable confusion with regard to the right as well as the propriety of exercising this right. In principle, there is no difference between testimony taken in open court or by deposition under the permissive sections of the statutes (National Fire Ins. Co. v. Shearman, supra). A reference to some of the writings on this subject may be helpful. A deposition may be used by either party, regardless of at whose instance it was taken. If used against the one who procured the taking of the deposition, he has no complaint that he was deprived of the right of cross-examination, for direct examination is equivalent thereto (Blashfield, Cyclopedia of Automobile Law and Practice, vol. 9c, § 6163, p. 224). A party to the record of any civil action or proceeding ‘1 may be examined by the adverse party as if under cross-examination ” (58 Am. Jur., § 560, p. 313). Richardson, Evidence (7th ed., § 561, p. 516) states that: £< A leading question is permitted, even in a direct examination, where the witness appears to be hostile or unwilling. In such cases, the direct examination * * * may assume the character of a cross-examination.” and Wigmore, Evidence (3rd ed., vol. 5, *923 § 1385, p. 79) sets it forth in this language: “ The interrogation of an opponent * * * is in itself in the nature of a cross-examination, and secures all the benefits of it.”
The decisions of the courts follow this reasoning. In Roberts v. Gerber (187 Wis. 282), the Supreme Court of Wisconsin held that the deposition taken by one may be used against him who takes it, when the one who took it had the opportunity of direct examination; the latter being a substantial equivalent of the cross-examination. And our own Court of Appeals, in Becker v. Koch (104 N. Y. 394, 401) said: “ An adverse witness may be cross-examined, and leading questions may be put to him by the party calling him, for the very sensible and sufficient reason that he is adverse and that the danger arising from such a mode of examination by the party calling a friendly or unbiased witness does not exist.” It will be observed from the foregoing that an examination before trial of an adverse party when properly conducted, can have the same effect as a cross-examination would have, were the party called to the witness stand.
The right of cross-examination is not alone limited to the one conducting the examination effectively, but the courts of this jurisdiction, as well as courts of other jurisdictions, have gone further and held that the adverse party may be cross-examined by his own attorney. In some instances, the courts have even compared this right of examining a party with interrogatories prepared under section 302 of the Civil Practice Act. It was so compared in Fitzpatrick v. Honnell (142 Misc. 101) and, citing that case in Gottfried v. Gottfried (197 Misc. 562, 566-567), the court held: “ The rule of the cases just cited requires that the party so examined be allowed to be cross-examined by his own counsel [because] the situation is exactly the same as if the party who took the examination had examined him in chief upon the trial * * * A party examining an adverse party before trial is accorded greater latitude than ordinarily is accorded to counsel examining a witness upon a trial * * * [because in] examining an adverse party he frequently is permitted to put leading questions, questions calling for conclusions, and questions, which severely limit the scope of the answers. " * * [Cross-examination is not self-serving because it is limited only] to matters brought out [by the party examining]. * ÍS * that danger is effectually avoided 55 * * when upon the trial the plaintiff reads only selected parts of defendant’s examination before trial, the defendant may read * * * only such *924 additional parts as are necessary to prevent the parts read by plaintiff from giving a false impression, and may read the other parts only upon his own ease.”
In Taylor v. Thomas (77 N. H. 410) the Supreme Court of New Hampshire held that “ The principal object of cross-examination is to supply the parts of the narrative favorable to the cross-examiner which would naturally be omitted from the interrogation in chief. * * * Sufficient latitude is allowed in taking a deposition to make it certain that the deposition contains ‘ all of the witness’ knowledge that might be competent ’ ” (p. 414). There are two cases, however, which do not follow these holdings: Dworkow v. Bachrack (193 Misc. 521) and Zeldman v. Electrolux, Inc. (161 Misc. 849), but they were not followed in Reliable Textile Co. v. Elk Dye Works (177 Misc. 926), which, overruling the Zeldman case, specifically held that there is “no difference * * * between examining a party before trial and on the trial. If cross-examination is permissible on the trial, it is permissible in advance of trial. * * * The right to cross-examine is inherent * * *. The truth should not be suppressed or thwarted whether sought on the trial or on an examination before trial” (p. 928). Since these decisions, and on September 1, 1950, all of these decisions were codified when there was adopted rule 129-a of the Rules of Civil Practice, which reads: “A party whose testimony is being taken by deposition may be cross-examined as upon a trial by the adverse party, or, when the deposition is being taken at the instance of the adverse party, by his own attorney. ’ ’ It now becomes apparent that the right to cross-examine may be exercised not alone by the one taking the examination of the adverse party but by the attorney for the adverse party as well. However, it should not be overlooked that the use of a deposition of an opponent’s witness is not the use of the opponent’s admissions. It is offered as the substantive testimony of that witness, whose testimony has not yet been heard. (Wigmore, Evidence [3d ed.], vol. 5, § 1416, par. (3), p. 196.) Although the party may be cross-examined and leading questions may be put to bim by the party calling him, yet this confers no right to impeach (Richardson, Evidence [7th ed.], § 591, p. 540). It should now become apparent that while an examination before trial has some advantages, it also has its dangers and should be exercised with great care.
The court has made an exhaustive survey of this disputed question regarding examinations before trial and has endeavored to show the weakness of plaintiff’s arguments in support of the motion. The court is convinced that no error was com *925 mitted in permitting defendant to read pertinent questions and answers from the examination before trial of the defendant taken by the plaintiff. One of the early cases which squarely supports the ruling of the court was a Court of Appeals case decided in 1881, Berdell v. Berdell (86 N. Y. 519), in which the court stated that: “A party whose deposition has been taken before trial at the instance of an adverse party has the right * * * to read such deposition in evidence on the trial in his own behalf ” (pp. 66-67).
In General Acc. Fire Life Assur. Corp. v. Sebastian (11 Misc 2d 985 [Supreme Court, Kings County]), it was held that: ‘ ‘ The function of an examination before trial of an adverse party is not limited to the mere admissions he may make. It is a substitute for his physical appearance on the trial and has exactly the same effect as proof of any fact within his knowledge as his oral testimony would have” (p. 987). Another case, decided by the Supreme Court, Broome County, Masciarelli v. Delaware & Hudson R. R. Co. (178 Misc. 458) a case on all fours with the case under consideration, in which plaintiff raised the same objections as here, the court overruled the objections of plaintiff and permitted the defendant to read into evidence the examination before trial, of defendant’s representative (as a party) taken by the plaintiff.
As already pointed out, there is a distinction between testimony by deposition of a party under section 303 and the similar deposition of a witness under section 304. The latter section imposes certain limitations. The Legislature could have imposed the same limitation upon the use of the testimony by deposition of a party, which it has imposed upon the use of the testimony by deposition of a witness. It is not for the courts, by interpretation, to defeat the distinction made by the Legislature. The whole tendency of modern provisions respecting examinations before trial is, however, greater liberality as was pointed out in the Brand v. Butts case (242 App. Div. 149, supra). In fact, if the defendant could use the deposition, the plaintiff may likewise use it and to carry out the liberal purposes and intent of the statutes, both sides might be able to try their case, in the absence of the parties by the use of the depositions only. But again, if this were not intended, it is up to the Legislature to correct and not for the courts. In view of the foregoing, the court feels that it was proper for the defendant to read into evidence the pertinent questions and answers, as taken by the plaintiff in his examination before trial of the defendant, and that its ruling should not be disturbed.
*926 Now, with respect to the second part of plaintiff’s motion, to set aside the verdict as against the weight of the credible evidence. The signature of defendant on the motor vehicle report was not proved; the paper was submitted to the jury to accept or reject that report by comparing the signature thereon with an admitted signature of the defendant. They evidently rejected it and in spite of the other testimony adduced by plaintiff, which they could believe or disbelieve, they brought in a verdict for the defendant. Said the court in Green v. Ontario County Agric. Soc. (26 N. Y. S. 2d 261, 263): “ [Ujnless it is apparent that there has been injustice, and there is some compelling reason for substituting the judgment of the presiding judge for that of the jury on plain questions of fact, the trial justice should not be zealous to set aside a verdict because he might have arrived at a different conclusion on the same evidence.” The court feels that in view of all the evidence adduced on the trial, the jurors could fairly reach the conclusion they came to, and that there is no reason for the court to change it. Accordingly, the motion herein, to set aside the verdict, must be denied.