ARTHUR C. SIGNER, Appellant, v. UNUM REALTY CORPORATION et al., Respondents, et al., Defendants.— In an action to recover damages for breach of a preincorporation contract and to recover a monetary deposit, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County, entered August 14, 1964 as: (1) granted the motion of the individual defendants-respondents (Herman Wolff et al.) to dismiss the entire amended complaint as against them; and (2) granted the separate motion of the corporate respondent, Unum Realty Corporation, to the extent of dismissing the first cause of action of the amended complaint as against it. Both motions were made on the grounds: (a) that the plaintiff lacks capacity to sue; and (b) that the amended complaint fails to state a cause of action (CPLR 3211, subd. [a], pars. 3, 7). Order modified as follows: (1) by amending its first decretal paragraph granting in all respects the individual respondents' motion, so as: (a) to grant such motion with respect to the second cause of action only; and (b) to deny such motion with respect to the first cause of action; and (2) by striking out its third decretal paragraph which directs the entry of a judgment in the individual respondents' favor dismissing the entire amended complaint as against them. As so modified, order, insofar as appealed from, affirmed, with $20 costs and disbursements to the plaintiff payable by the individual defendants-respondents jointly. The time of the plaintiff to serve a second amended complaint in accordance herewith is extended until 30 days after entry of the order hereon. We are here principally concerned with the first cause of action of the amended complaint insofar as it pertains to the individual defendants-respondents, who are doctors with whom the plaintiff entered into a hospital-building venture and from whom the plaintiff seeks damages for breach of contract. The amended complaint charges that these defendants-respondents caused the depreciation of plaintiff's share in the corporation, which had been formed to hold title to the property, by reason of their failure to contribute pro rata to the corporation's capital in accordance with the terms of their private preincorporation agreement. That allegation brings the instant case into close parallel to *Higgins* v. *Applebaum* (186 App. Div. 682) where in essence the gravamen of the complaint was that a corporation, formed as the result of a preincorporation agreement, failed because individual defendants had refused to make the monetary contributions which they had promised to make to the corporation (see, also, *General Rubber Co.* v. *Benedict*, 215 N. Y. 18; *Murphy* v. *Casella*, 263 App. Div. 1001). Hence, here too, as against the individual respondents, the first cause of action is good. As against the defendant corporation, however, the first cause of action was properly dismissed since the corporation was not a party to the preincorporation agreement; it never succeeded to the rights and liabilities thereunder; and it was not even in existence at the time the agreement was

made. Finally, the second cause of action as against the individual defendants-respondents was properly dismissed since the amended complaint does not allege that the $2,500 deposit-payment was made to them, but only that it was made by plaintiff to the defendant corporation. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.